PETERSON, Chief Judge.
Adventist Health System/Sunbelt, Inc., d/b/a Florida Hospital, appeals a judgment entered pursuant to a jury verdict rendered in a medical malpractice action. John D. Watkins initiated the action alleging that he incurred injuries when he was dropped by hospital personnel attempting to move him from his bed to a gurney. The drop was not noted on Watkins’ patient chart.
Florida Hospital complains that the trial court erred by admitting into evidence *1052 an affidavit prepared by its expert -witness, Dr. Spiegel, in an unrelated matter. The affidavit had been prepared for use in the pre-suit screening process in an earlier incident at another hospital in which the patient had also been allegedly dropped. The affidavit became important when Watkins’ counsel cross-examined Dr. Spiegel. He was asked whether he had ever reviewed a case in which a patient claimed to have been dropped following surgery. When he denied it, Watkins’ counsel reminded him that he had executed an affidavit just a few months earlier in such a case. He admitted executing it but then said it was not the same circumstances as in the instant case. He later said that he did not remember the circumstances. The affidavit was then admitted into evidence over the objection of Florida Hospital. Florida Hospital argues that the affidavit is inadmissible under section 766.106(5), Florida Statutes (1995), which provides:
No statement, discussion, written document, report, or other work product generated by the presuit screening process is discoverable or admissible in any civil action for any purpose by the opposing party. All participants, including, but not limited to, physicians, investigators, witnesses, and employees or associates of the defendant, are immune from civil liability arising from participation in the presuit screening process.
(Emphasis added.) We disagree. Dr. Spie-gel’s affidavit cannot be considered a “work product generated by the presuit screening-process” of the instant case. The affidavit is not being submitted by an “opposing party” to the patient referred to in Dr. Spiegel’s affidavit, nor can Dr. Spiegel be considered a “participant” in the presuit screening process of the instant case. In fact, Dr. Spiegel’s involvement in this case by his own admission is limited to giving an expert medical opinion after review of the Watkins’ depositions and Mr. Watkins’ medical records.
The distinguishing feature of Dr. Spiegel’s affidavit is that it refers to a patient in an unrelated, separate medical malpractice ease. The two eases cited by appellant that address privileged presuit material under Chapter 766, Florida Statutes (1995), concern an opposing party attempting to use materials generated during the presuit screening process of that particular opposing party’s case. Rub v. Williams, 611 So.2d 1328 (Fla. 3d DCA 1993) (petitioner’s own unsworn statement taken during the medical malpractice presuit screening process of petitioner’s case was privileged and could not be used for impeachment purposes); Grimshaw v. Schwegel, 572 So.2d 12 (Fla. 2d DCA 1990) (report by petitioner’s expert witness which was generated during the presuit screening process of petitioner’s case was privileged and thus exempt from discovery).
The legislative intent of Chapter 766 in promoting settlement between the parties is not served by affording Dr. Spiegel’s affidavit protection as privileged material under section 766.106(5), Florida Statutes (1995), since that affidavit cannot be considered a “work product” created by a “participant” in the parties’ presuit screening process. Dr. Spiegel’s affidavit was prepared for use in a separate, unrelated medical malpractice case and that element takes it out of the purview of section 766.106(5), Florida Statutes (1995), which only protects the respective parties’ work product generated in their presuit screening process.
Additionally, the affidavit was properly admitted to impeach the testimony of Dr. Spiegel. The record reflects the following: Dr. Spiegel’s affidavit had been made only two months prior to his being deposed in the instant case. He only sees patients part-time, working no more than twice a week, yet he could not recall that particular case with strikingly similar facts. The affidavit, thus, showed the bias of Dr. Spiegel to the extent that he believed if Watkins’ “drop” was not charted in the medical records, then it must not have happened. See § 90.608, Fla. Stat. (1995). Moreover, section 90.614, Florida Statutes (1995) specifically allows extrinsic evidence of a prior inconsistent statement if a witness denies making or does not distinctly admit making a prior inconsistent statement, which is what happened here.
Finally, Florida Hospital argues that unfair prejudice resulted from the admission of the affidavit because the jury could infer that *1053 hospitals routinely drop patients, do not chart such incidents, and such situation occurred in the instant .ease. Florida Hospital claims that because the jury had the affidavit during deliberations and Watkins’ counsel referred to it twice during closing arguments, it became the feature of the trial. The record, however, fails to support Florida Hospital’s concern. Closing arguments for the Watkins covered over 50 transcribed pages. Those pages reflect ample evidence not related to Dr. Spiegel’s affidavit that support Watkins’ allegations that he was dropped.
The final judgment is affirmed.
AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.