COBB, Judge.
The appellant, Michael Dauphinee, as personal representative of the estate of Rosemarie P. Dauphinee, was the plaintiff below in a medical malpractice action for wrongful death filed against several defendants. He contended that the treating physician of Rosemarie Dauphinee failed to timely diagnose a massive infection in the right lower abdomen, which resulted in toxic shock and sepsis associated with a perforated abscess. The trial court directed a verdict for the defendants Wilstrup and OB & GYN Specialists, P.A. The jury found in favor of the remaining defendants, and this appeal ensued.
The appellant raises three issues. We find no reversible error in the first two, but agree with him on the third, i.e., the trial court erred in allowing the use of a pre-suit affidavit by one of the plaintiffs experts, Dr. Battle, for impeachment purposes. Unlike the situation in Adventist Health System/Sunbelt, Inc. v. Watkins, 675 So.2d 1051 (Fla. 5th DCA 1996), the doctor’s affidavit in this case was prepared during the pre-suit screening process and therefore was inad-missable for any purpose pursuant to the express provisions of section 766.106(5), Florida Statutes:
No statement, discussion, written document, report, or other work product generated by the presuit screening process is discoverable or admissible in any civil action for any purpose by the opposing party. All participants, including but not limited to, physicians, investigators, witnesses, and employees or associates of the defendant, are immune from civil liability arising from participation in the presuit screening process.
In view of the clear wording of the statute, we must agree with the argument of the *390 appellant that an affidavit by an expert for pre-suit screening purposes is a sworn statement. See Watkins v. Rosenthal, 687 So.2d 993 (Fla. 3d DCA 1994); Rub v. Williams, 611 So.2d 1328 (Fla. 3d DCA 1993); and Grimshaw v. Schwegel, 572 So.2d 12 (Fla. 2d DCA 1990). Accordingly, the appellant is entitled to a new trial in respect to the defendants against whom Dr. Battles’ testimony was directed: Michael Cohen, M.D.; Samuel Martin, M.D.; and Vascular Specialists of Central Florida, Inc. We affirm the final judgment in favor of the other defendants.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR NEW TRIAL.
W. SHARP and GRIFFIN, JJ., concur.