662 So.2d 1268 (1995)
Francisco ESTEVEZ, M.D. and Francisco Estevez, M.D., P.A., Appellants,
v.
Evila MONTERO, as Personal Representative of the Estate of Julio C. Montero, deceased, Appellee.
No. 94-2219.
District Court of Appeal of Florida, Third District.
September 6, 1995.
Rehearing Denied December 6, 1995.
James C. Blecke, Miami, for appellants.
Arnold R. Ginsberg, Miami, and Robert L. Spector, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
GODERICH, Judge.
The defendants, Dr. Francisco Estevez and his professional association, appeal from a non-final order granting the plaintiff's motion to strike their pleadings. We affirm.
In September 1993, the plaintiff, Evila Montero, as personal representative of the estate of Julio Montero, served Dr. Estevez and his professional association by certified mail with a presuit notice of intent to initiate litigation. The defendants did not respond to this notice during the 90-day presuit screening period.
In December, after the presuit screening period had expired, the plaintiff filed suit against Dr. Estevez and his professional association for the wrongful death of Julio Montero. The defendants answered the complaint and denied any negligence in their care and treatment of the decedent. However, their answer was neither accompanied by a corroborating written medical expert opinion that supported their denial of liability nor by evidence that the defendants had conducted a good faith investigation of the allegations in the plaintiff's claim.
Based upon the foregoing omissions, the plaintiff moved to strike the defendants' pleadings. Dr. Estevez opposed the motion with a memorandum of law and his own affidavit that detailed his activities between receipt of the notice of intent and service of the complaint. At the hearing on the motion, Dr. Estevez gave testimony consistent with his affidavit and explained that because he was self-insured, he did not send the notice of intent to his carrier. Also, he did not forward the notice to his attorney. Instead, Dr. Estevez conducted his own investigation into the matter by discussing the suit with the other doctors who were involved in the suit and with an expert who was reviewing *1269 the case for one of the other defendants.[1] Based on these interviews, Dr. Estevez concluded that he had committed no wrongdoing and took no further action. He did not serve a written response to the notice of intent, nor did he file a corroborating written medical expert opinion.
At the conclusion of the hearing, the trial court found, as a matter of fact, that Dr. Estevez had not made a reasonable investigation as required by sections 766.106(3)(a) and 766.203(3), Florida Statutes (1993). Specifically, the trial court found that there was no evidence of any corroboration of the defendant's denial of liability and that the defendant's explanations regarding the investigation that he had conducted were insufficient to fulfill the requirements of the subject statutes. Finding that Dr. Estevez had not made a good faith rejection of the malpractice claim against him, the trial court granted the plaintiff's motion to strike the defendants' pleadings, ordered the case to proceed to trial solely on the issue of damages, and awarded the plaintiff attorney's fees and costs. The defendants' appeal follows.
The defendants contend that the trial court erred by striking their pleadings, including their affirmative defenses, on the alleged inadequacy of their presuit screening investigation where Dr. Estevez had conducted a reasonable investigation. We disagree.
Section 766.106, Florida Statutes (1993), reads, in pertinent part, as follows:
(3)(a) No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant. During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period. This procedure shall include one or more of the following:
1. Internal review by a duly qualified claims adjuster;
2. Creation of a panel comprised of an attorney knowledgeable in the prosecution or defense of medical malpractice actions, a health care provider trained in the same or similar medical specialty as the prospective defendant, and a duly qualified claims adjuster;
3. A contractual agreement with a state or local professional society of health care providers, which maintains a medical review committee;
4. Any other similar procedure which fairly and promptly evaluates the pending claim.
... . Unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses.
In the instant case, during cross-examination, Dr. Estevez explained that after he received the notice of intent, he discussed the matter with the other physicians who had been involved in the decedent's treatment and care, and he also spoke with an expert who had been hired by one of the other physicians to evaluate liability in the case. However, Dr. Estevez also testified that he did not take the medical charts with him when he went to discuss the case with the physicians and the expert, nor did he offer any of them the opportunity to review the charts. Additionally, Dr. Estevez did not request nor receive any written medical expert opinions to corroborate his opinion that he was not negligent.
Consequently, we find, as the trial court did, that these activities on the part of Dr. Estevez clearly did not comply with the plain meaning of the procedures described in sections 766.106(3)(a)(1)-(3), Florida Statutes (1993), for conducting a reasonable investigation, nor were they sufficient to constitute "[a]ny other similar procedure which fairly and promptly evaluates the pending claim," as required by section 766.106(3)(a)(4), Florida Statutes (1993). Therefore, where the undisputed evidence as established by the testimony of Dr. Estevez clearly demonstrated that the defendants did not make a good faith rejection of the malpractice claim against them and that they had unreasonably failed to comply with section 766.106(3)(1)-(4), Florida Statutes (1993), the trial court *1270 granted the plaintiff the appropriate relief as prescribed by the statute, § 766.106(3)(a), Florida Statutes (1993), and properly struck the defendants' pleadings, including their affirmative defenses.
We affirm.
NOTES
[1] The hospital, all physicians involved in Julio Montero's care, and their several professional associations are all defendants in this wrongful death action.