KLEIN, Judge.
Defendants appeal a $675,000 judgment in a dental malpractice action, arguing that the trial court erred in striking their pleadings on the ground that they failed to file a corroborating medical expert opinion with their letter rejecting plaintiffs claim. We reverse.
In April, 1990, prior to filing suit, plaintiff, pursuant to section 766.106, Florida Statutes (1991), sent defendants a notice of intent to file a malpractice action with a verified opinion by a medical expei’t stating that defendant’s treatment in 1989 fell below the standard of care.
During their 90 day investigation period defendants requested copies of the dental records of plaintiffs subsequent treating dentists, and plaintiffs counsel forwarded some, but not all, of those records. After reviewing the records which were furnished, defense counsel advised plaintiffs counsel that portions of two of the subsequent treating dentists’ records were illegible, and requested either transcribed copies of the records or authorization to contact the dentists directly. Defense counsel also requested all subsequent treating dentists’ x-rays. Defendants received no reply to this request.
Shortly before expiration of the 90 days, defense counsel again wrote to plaintiffs counsel, complained that the illegible records precluded him from obtaining an affidavit from an expert, and rejected the claim without a corroborating affidavit as required by section 766.203, stating:
As of this date, we have received none of the above information and have, therefore, been unable to have this file adequately reviewed by an expert. Rather than ask an expert to compromise his principles and sign an affidavit based upon inadequate and insufficient information, I must reject your claim at this time.
Plaintiff then filed this suit and, after defendants answered, moved to strike them answer on the ground that they had failed to file a corroborating medical expert’s affidavit when they rejected the claim. A non-eviden-tiary hearing was conducted on the motion after which the court struck defendants’ pleadings “for failure to comply with Chapter 766; specifically, failure to file a corroborating written medical expert opinion with its rejection letter.” Defendants attempted to appeal that order, however, this court concluded it did not have jurisdiction. George J. Karr, D.D.S., P.A v. Sellers, 620 So.2d 1104 (Fla. 4th DCA 1993). Following a trial on damages only, and entry of a final judgment, defendants appeal and assert that the order striking their pleadings was unauthorized by the statute.
Although plaintiffs motion to strike defendants’ pleadings did not specify the precise statutory provision under which she was moving, plaintiff agreed at oral argument that it was under section 766.206(3), Florida Statutes (1991), which provides:
If the court finds that the response mailed by a defendant rejecting the claim is not in compliance with the reasonable investigation requirements, the court shall strike the defendant’s response, and the person who mailed such response, whether the defendant, the defendant’s insurer, or the defendant’s attorney, shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney’s fees and costs of the claimant.
We cannot agree with the plaintiff that the word “response” in section 766.206(3) includes pleadings. The statute only authorizes the court to strike the “response mailed by a defendant rejecting the claim,” and to award attorney’s fees and costs incurred dim-ing the investigation and evaluation process.
Plaintiff argues, in this case of first impression, that we should construe “response” to mean pleadings, because that is what the legislature intended. The legislature, however, understood the difference between a response and pleadings, which is reflected by the fact that in at least two other sections of this statute, it did authorize the striking of pleadings. For example, in section 766.106(3)(a)(4), which is not applicable here, it is provided that “[ujnreasonable failure of any party to comply with this section justifies dismissal of claims or defenses.” See Estevez v. Montero, 662 So.2d 1268 (Fla. 3d DCA 1995). Similarly, in section 766.205(2), which *631 is not applicable here either, the legislature authorized “dismissal of any applicable claim or defense ultimately asserted,” for failure to comply.
The term “response,” as used here, is not ambiguous, and accordingly we do not resort to the legislative history furnished to us by plaintiff. As our supreme court observed in Maryland Cas. Co. v. Sutherland, 125 Fla. 282, 288, 169 So. 679, 681 (Fla.1986):
The legislative history of an act is important only when there is doubt as to what is meant by the language employed in the act. Where the language used, considered in its ordinary and grammatical sense, clearly expresses the legislative intent, rules of construction and interpretation are unnecessary.
The second question we must address is whether the trial court could have imposed any sanctions solely because defendants did not supply a corroborative expert affidavit in rejecting the claim. The statute authorizes sanctions if the claimant or defendant is “not in compliance with the reasonable investigation requirements.” §§ 766.206(2) and (3), Fla.Stat. (1991). We agree with the conclusion of the first district in Duffy v. Brooker, 614 So.2d 539 (Fla. 1st DCA 1993) that the failure to corroborate with an affidavit, in and of itself, is insufficient to grant sanctions. Rather, the issue is whether there has been a failure to conduct a reasonable investigation. The fifth district also came to that conclusion in Williams v. Powers, 619 So.2d 980 (Fla. 5th DCA 1993).
We reverse the judgment and remand for an evidentiary hearing on sanctions, and for a new trial on liability and damages.
GLICKSTEIN and POLEN, JJ., concur.