KLEIN, Judge.
Petitioners, who are seeking a writ of cer-tiorari, are the plaintiffs in a lawsuit alleging medical malpractice against the respondents, Linda R. Holly, a physical therapist, and Physical Therapy Rehabilitation Center of Coral Springs, Inc., as well as other defendants. After these defendants failed to respond to plaintiffs’ notice of claim pursuant to chapter 766, Florida Statutes (1995), plaintiffs moved the trial court to sanction defendants and strike their defenses for failure to conduct a. good faith investigation pursuant to sections 766.203 and 766.206, Florida Statutes. The trial court refused to do so, and plaintiffs seek certiorari review.
Section 766.206(3), under which plaintiffs were seeking sanctions, provides:
If the court finds that the response mailed by a defendant rejecting the claim is not in compliance with the reasonable investigation requirements, the court shall strike *546 the defendant’s response, and the person who mailed such response, whether the defendant, the defendant’s insurer, or the defendant’s attorney, shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney’s fees and costs of the claimant.
This court recently concluded that this statute does not authorize the striking of defendant’s pleadings, because it only provides for the striking of defendant’s “response.” Karr v. Sellers, 668 So.2d 629 (Fla. 4th DCA 1996). If the trial court erred in not striking defendants’ response, plaintiffs have an adequate remedy by appeal from final judgment. We therefore lack jurisdiction, Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), and dismiss the petition.
STONE and FARMER, JJ., concur.