SHAHOOD, Judge.
The issue presented in this appeal is whether the trial court erred in dismissing appellant’s case with prejudice and in awarding sanctions against her in the form of attorney’s fees and costs under section 766.206(2), Florida Statutes (1997), without first conducting an evidentiary hearing to determine the reasonableness of appellant’s presuit investigation. We hold that the trial court erred by failing to conduct an evidentiary hearing prior to its imposition of sanctions against appellant, and accordingly reverse and remand with directions to the trial court.
Section 766.206, Florida Statutes (1997), provides as follows:
*656 (1) After the completion of presuit investigation by the parties pursuant to s. 766.203 and any informal discovery pursuant to s. 766 .106, any party may file a motion in the circuit court requesting the court to determine whether the opposing party’s claim or denial rests on a reasonable basis.
(2) If the court finds that the notice of intent to initiate litigation mailed by the claimant is not in compliance with the reasonable investigation requirements of ss. 766.201-766.212, the court shall dismiss the claim, and the person who mailed such notice of intent, whether the claimant or the claimant’s attorney, shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney’s fees and costs of the defendant or the defendant’s insurer.
Chapter 766, Florida Statutes, sets out a complex presuit investigation procedure that both the claimant and defendant must follow before a medical negligence claim may be brought in court. See Kukral v. Mekras, 679 So.2d 278, 280 (Fla.1996). The purpose of a notice of intent to sue is to give the defendant notice of the incident in order to allow investigation of the matter and to promote presuit settlement of the claim and the purpose of the expert corroborative opinion is to prevent the filing of baseless litigation. See id. at 282.
Courts have held that the failure to comply with the presuit requirements of Chapter 766 is not necessarily fatal to a plaintiffs claim so long as compliance is accomplished within the two-year period for filing suit. See Kukral, 679 So.2d at 283 (plaintiffs compliance with presuit investigation requirements of chapter 766 prior to filing suit and within statutory limitations period constitutes sufficient compliance with presuit notice and investigation requirements); see also Corre. v. Robertson, 693 So.2d 619, 621 n. 1 (Fla. 2d DCA 1997)(if the expert medical opinion is technically deficient when submitted, it is not fatal to jurisdiction so long as compliance is accomplished within the two-year limitations period for filing suit).
In this case, appellant not only failed to present a corroborating verified medical expert opinion in accordance with section 766.203 in order to initiate her medical malpractice litigation, she failed to comply with the statute’s requirements prior to the expiration of the statute of limitations period.
In addressing the issue of sanctions under section 766.206, this court, in Karr v. Sellers, 668 So.2d 629, 631 (Fla. 4th DCA), review denied, 679 So.2d 774 (Fla.1996), held that the failure to supply a corroborative expert affidavit, in and of itself, is insufficient to grant sanctions under section 766.206. Rather, the issue is whether there has been a failure to conduct a reasonable investigation. See id. In coming to this conclusion, this court agreed with Duffy v. Brooker, 614 So.2d 539 (Fla. 1st DCA), review denied, Physicians Protective Trust Fund v. Brooker, 624 So.2d 267 (Fla.1993), and Williams v. Powers, 619 So.2d 980 (Fla. 5th DCA 1993).
In Duffy, the First District held that when one of the parties files a motion under section 766.206, the trial court must determine whether the opposing party’s claim or denial “rests on a reasonable basis” and whether the notice of intent to sue or the response rejecting the claim is “in compliance with the reasonable investigation requirements of ss. 766-201-766.212.” Id. at 544-45.
... If the greater weight of the evidence establishes that the non-moving party did not conduct a “reasonable investigation” and that its notice of intent to sue or response rejecting the claim does not “rest on a reasonable basis,” the motion will be granted.
In making this determination, the court may consider any relevant evidence, including the inferences to be drawn from the text of the notice of *657 intent to sue or response and its corroborating medical expert opinion. However, the failure to provide an adequate verified written medical expert opinion is not dispositive. If the greater weight of the evidence establishes that the non-moving party did conduct a “reasonable investigation” and that its notice of intent to sue or response rejecting the claim “rests on a reasonable basis,” the motion will be denied.
Id. at 545; see also Williams v. Powers, 619 So.2d 980 (Fla. 5th DCA 1993)(where plaintiffs’ corroborative expert opinion was barely adequate, it was necessary that they come forward with proof of steps taken to reasonably investigate their claim and the existence of a reasonable basis therefor.).
Based on the foregoing, we reverse and remand for the trial court to conduct an evidentiary hearing on the issue of the reasonableness of appellant’s presuit investigation, and, if appropriate, to award sanctions under section 766.206.
REVERSED AND REMANDED.
DELL and GROSS, JJ., concur.

ON MOTION FOR CLARIFICATION

SHAHOOD, J.
We grant appellee’s motion for clarification of our December 9,1998 opinion in the above-styled case. We affirm the lower court’s dismissal of appellant’s case with prejudice. We remand with directions for the trial court to conduct an evidentiary hearing solely on the propriety of the trial court’s award of sanctions against appellant under section 766.206, Florida Statutes.
DELL and GROSS, JJ., concur.