POLEN, C.J.
Dr. Gerard Grau, the defendant in a medical malpractice case, timely appeals a nonfinal order that granted plaintiffs James and Brenda Wells’ motion to strike his pleadings and that entered a default on liability against him. We affirm.
The Wellses mailed their notice of intent to sue Grau and his practice in 1997. They alleged that Grau committed medical malpractice in connection with Mr. Wells’ October 1996 plastic surgery. Grau denied the claim. Alleging that he had conducted a diligent investigation, Grau attached an “affidavit of expert” from Dr. Robert Mandraccia, a physician who stated that he had reached his opinion after reviewing all medical records relating to the case in Grau’s possession. Dr. Mandraccia happened to be Grau’s business partner in a separate joint venture.
The Wellses filed a motion to strike Grau’s expert affidavit as a sham.[1] They also moved to strike the responsive pleadings for failure to conduct a reasonable presuit investigation. They did not cite to any statutory provision in their motions.
Following an evidentiary hearing, the court struck Grau’s responsive pleadings and expert affidavit, and entered a default against him. It found that Grau did not conduct a reasonable investigation before denying the claim and that Dr. Mandrac-cia, in any event, was biased in favor of Grau in light of their business relationship. The court noted,
It is clear that Dr. Mandraccia’s expert opinion was completed on May 2, 1997, *990 over 45 days before rejection of the claim was served, and prior to any pre-suit discovery request propounded by the Defendants. These facts constitute prima facie evidence of a lack of “reasonable basis” for the denial of the claim and shifts the burden to the Defendants to show compliance with the “reasonable investigation” requirements and that the denial of the claim did rest on a reasonable basis.
In sum, the court found that because Dr. Mandraccia was “clearly biased,” his affidavit was insufficient to demonstrate that a reasonable presuit investigation was conducted, and concluded that no reasonable investigation was, in fact, made.
The parties disagree about whether, as a matter of law, the trial court had authority under the Medical Malpractice Act to strike the appellants’ defensive pleadings and enter a default in favor of the appel-lees. Grau argues that the sanction entered by the court was not authorized under section 766.206(3), Florida Statutes (1999). Section 766.206(3) provides,
If the court finds that the response mailed by a defendant rejecting the claim is not in compliance with the reasonable investigation requirements, the court shall strike the defendant’s response, and the person who mailed such response, whether the defendant, the defendant’s insurer, or the defendant’s attorney, shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney’s fees and costs of the claimant.
In Karr v. Sellers, 668 So.2d 629 (Fla. 4th DCA), review denied, 679 So.2d 774 (Fla.1996), this court concluded that section 766.206(3) does not authorize the striking of defendant’s pleadings or the entry of a default where the defendant’s response denying the claim did not attach an expert’s affidavit. Id. at 631. The court reasoned that the section provides only for the striking of defendant’s “response” and interpreted the word “response” to refer to the written denial of the claim, not the defendant’s pleadings. Id.
Notwithstanding section 766.206(3), section 766.106(3)(a), Florida Statutes (1999) provides that during the ninety-day period following the filing of the plaintiffs notice of intent, the defendants shall conduct a reasonable investigation into the claim:
During the 90-day period, the prospective defendant’s insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period. This procedure shall include one or more of the following:
1. Internal review by a duly qualified claims adjuster;
2. Creation of a panel comprised of an attorney knowledgeable in the prosecution or defense of medical malpractice actions, a health care provider trained in the same or similar medical specialty as the prospective defendant, and a duly qualified claims adjuster;
3. A contractual agreement with a state or local professional society of health care providers, which maintains a medical review committee;
4. Any other similar procedure which fairly and promptly evaluates the pending claim.
This section further states that “unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses.”
In Estevez v. Montero, 662 So.2d 1268 (Fla. 3d DCA 1995), the trial court dismissed the defendants’ pleadings after they failed to respond to the plaintiffs presuit notice of intent to sue, as well as *991 failed to file a corroborating written medical expert opinion. The court found, as a matter of fact, that defendants had not made a reasonable investigation as required by sections 766.106(3)(a) and 766.203(3), nor a good faith rejection of the malpractice claim against them. The third district affirmed. Noting that the undisputed evidence clearly demonstrated that the defendants did not make a good faith rejection of the malpractice claim against them and that they had unreasonably failed to comply with section 766.106(3)(a)(l)-(4), it held that the trial court was authorized under that section to strike the defendant’s pleadings and affirmative defenses.
We believe Estevez is closer on point than Karr in this case. The Wellses’ motion to strike did not cite the statutory section that was being invoked.[2] Furthermore, the court’s inquiry during the hearing was directed to section 766.106(3)(a), and the order on appeal applied that section. Because the trial court’s findings as to Grau’s lack of good faith and reasonable investigation come to this court clothed with a presumption of correctness, and because there is competent substantial evidence in the record to support these findings, we hold that under section 766 .106(3)(a), the trial court was authorized to strike Grau’s pleadings.
As to all other issues raised in this appeal, we affirm as unpersuasive.
AFFIRMED.
WARNER and HAZOURI, JJ., concur.

. The appellees' motion alleged other problems with the affidavit that are not relevant for purposes of this appeal.

. Although in Karr the plaintiff's motion to strike the defendants' pleadings also did not specify the precise statutory provision under which she was moving, the plaintiff agreed at oral argument that she was relying only on section 766.206(3). Since Karr was argued solely under section 766.206(3) and this court was not asked to consider section 766.106(3)(a), we do not see our decision today as conflicting with Karr.