SILBERMAN, Judge.
 

 Jeffrey A. Hunt, D.O., P.A. d/b/a The Vein Center of Tampa Bay (“Vein Center”) seeks certiorari review of the circuit court’s order denying Vein Center’s motion to dismiss and determining that Katrina Huppman complied with medical negligence presuit notice requirements. Because Huppman did not provide a corroborating affidavit by a qualified medical expert in compliance with section 766.203(2), Florida Statutes (2007), the circuit court departed from the essential requirements of the law in denying Vein Center’s motion to dismiss. Accordingly, we grant certiorari and quash the circuit court’s order.
 

 Vein Center is the defendant in a pending medical negligence case in which Huppman alleged she sustained injuries when a technician at Vein Center treated her on December 18, 2006. In June 2008, Huppman served her notice of intent to initiate litigation (“NOI”) pursuant to section 766.203(2).
 
 [1]
 
 In the NOI, Huppman alleged that she was injured after undergoing a treatment known as Lumenis One, which involved the use of intense pulsed light (“IPL”) equipment to improve the appearance of age spots on her body.
 

 Huppman did not serve a corroborating medical expert opinion with the NOI as
 
 *991
 
 required by section 766.203 because Hupp-man believed Vein Center, had waived its right to medical corroboration by failing to provide Huppman with medical records. Vein Center served a written denial of the allegations in Huppman’s NOI and a corroborating medical expert opinion. In the written denial, Vein Center asserted that Huppman failed to comply with the presuit notice requirements by failing to attach a medical expert opinion. Vein Center denied that it had failed to provide Huppman with medical records.
 

 Huppman subsequently filed a complaint alleging medical negligence against Vein Center.
 
 [2]
 
 Vein Center filed a motion to dismiss in which it argued, among other things, that the complaint should be dismissed based on Huppman’s failure to attach a medical expert opinion to the NOI. In response, Huppman maintained that Vein Center waived the medical expert opinion requirement by failing to produce requested medical records. However, Huppman also served Vein Center with the affidavit of Terri Boyert as a corroborating medical expert opinion.
 

 According to Boyert’s curriculum vitae (“CV”), Boyert is a certified medical assistant with training at the Eton Medical Institute in Washington. Boyert has trained doctors, nurses, and other staff members on various types of IPL and laser equipment, including Lumenis IPL equipment, for approximately ten years. Aside from her training at Eton, Boyert’s CV bears the following notation: “Surgical Assistant, TCC College, Tacoma, Washington, 1987.” Boyert’s CV does not reflect that she is licensed to provide health care.
 

 Vein Center subsequently filed a second motion to dismiss in which it argued that Huppman failed to comply with the presuit notice requirements because Boyert was not qualified to render a medical expert opinion under chapter 766.
 
 [3]
 
 The circuit court entered an order denying Vein Center’s motion to dismiss and determining that Huppman complied with medical negligence presuit notice requirements. The court explained that Boyert trained people on how to use the same Lumenis IPL equipment that was the subject of Hupp-man’s lawsuit. The court concluded that Boyert was “adequately licensed, adequately trained, and comparable, in terms of her substantive knowledge about this area of medicine to render a presuit opinion” and that Boyert met the statutory criteria for a presuit witness under chapter 766.
 

 Vein Center then filed the petition for writ of certiorari that is currently before this court. Vein Center argues that the circuit court departed from the essential requirements of the law in failing to dismiss the complaint based on Huppman’s failure to provide a corroborating affidavit by a qualified medical expert in compliance with section 766.203(2). Preliminarily, we note that “the courts of this state have uniformly recognized the availability of
 
 *992
 
 certiorari review in cases where the pre-suit notice requirements of chapter 766 have not been met.”
 
 Oken v. Williams,
 
 23 So.3d 140, 144 (Fla. 1st DCA 2009). We review the sufficiency of the corroborating affidavit in order to comply with our duty to enforce the policy behind the presuit notice requirements.
 
 Id.
 
 at 145.
 

 Section 766.203(2) requires “[c]orrobora~ tion of reasonable grounds to initiate medical negligence litigation” in the form of “a verified written medical expert opinion from a medical expert as defined in s. 766.202(6).” Section 766.202(6) defines medical expert as “a person duly and regularly engaged in the practice of his or her profession who holds a health care professional degree from a university or college and who meets the requirements of an expert witness as set forth in s. 766.102.” Section 766.102(5) provides, “A person may not give expert testimony concerning the prevailing professional standard of care unless that person is a licensed health care provider and meets the following criteria.” Subsections (a)-(c) set forth differing criteria for expert witnesses depending upon the status of the person against whom or on whose behalf the testimony is being presented.
 

 Thus, under sections 766.203(2), 766.202(6), and 766.102(5), the written expert opinion that accompanies a claimant’s notice of intent must be rendered by a person who (1) is “duly and regularly engaged in the practice of his or her profession,” (2) has a degree in health care from a college or university, (3) is a licensed health care provider, and (4) satisfies the expert witness requirements set forth in section 766.102(5).
 

 Boyert’s CV does not reflect, nor has Huppman ever asserted, that Boyert has a degree in health care from a college or university. Boyert’s CV contains only these vague references to any college education: “Surgical Assistant, TCC College, Tacoma, Washington, 1987” and training at the Eton Medical Institute. Additionally, Boyert’s CV does not reflect that Boyert is a licensed health care provider, and Hupp-man has conceded that Boyert is not licensed. Because Boyert does not meet these two requirements, she is not qualified to render a medical expert opinion under section 766.203(2) regardless of whether she meets the additional requirements of section 766.102(5).
 

 Although Boyert may be adequately trained regarding the manner and method in which the Lumenis IPL equipment was operated based on her experience training staff on the operation of the machine, we disagree with the circuit court’s conclusion that she meets the statutory criteria of a presuit witness under chapter 766. Chapter 766 expressly requires that the presuit witness have a degree in health care from a college or university and a health care provider license. We cannot ignore the unambiguous plain language of the statute in a way that would expand its express requirements.
 
 [4]
 

 See Knowles v. Beverly Enters.-Fla., Inc.,
 
 898 So.2d 1, 7 (Fla.2004).
 

 The legislature has clearly indicated its intent to narrow the class of person who is qualified to give medical expert opinions by amending the statutory scheme in 2003.
 
 See Oken,
 
 23 So.3d at 146. Prior to the amendment, a medical expert was defined as “a person duly and regularly engaged in the practice of his or her profession who
 
 *993
 
 holds a health care professional degree from a university or college and has had special professional training and experience
 
 or
 
 one possessed of special health care knowledge or skill about the subject upon which he or she is called to testify or provide an opinion.” § 766.202(5), Fla. Stat. (2001) (emphasis added). Thus, prior to the amendment, Boyert would have been qualified to render a presuit medical expert opinion due to her specialized knowledge about the proper operation of the Lumenis IPL equipment. However, the legislature expressly determined that presuit expert witnesses must possess more than specialized knowledge when it amended chapter 766.
 

 As an alternative argument against granting certiorari in this case, Huppman claims that she has cured any defect in her medical expert opinion by submitting a second affidavit by Dr. Wayne Houston. The Vein Center responds that the affidavit was not timely filed within the applicable statute of limitations and, in fact, was filed after the circuit court entered the order that is now before this court. If this affidavit was submitted within the applicable statute of limitations, it may indeed comply with the presuit notice requirements. However, Dr. Houston’s affidavit was not considered by the circuit court, and it would be improper for this court to consider it for the first time on appeal.
 
 See Pedroni v. Pedroni,
 
 788 So.2d 1138, 1139 n. 1 (Fla. 5th DCA 2001).
 

 Because Huppman did not provide a corroborating affidavit by a qualified medical expert in compliance with section 766.203(2), the circuit court departed from the essential requirements of the law in denying Vein Center’s motion to dismiss. We therefore grant certiorari and quash the order on review.
 

 Petition granted, order quashed, and case remanded.
 

 ALTENBERND, J., and FULMER, CAROLYN K, SENIOR JUDGE, Concur.
 

 [1]
 

 . Section 766.203(2) provides as follows:
 

 (2) Presuit investigation by claimant. — Pri- or to issuing notification of intent to initiate medical negligence litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
 

 (a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
 

 (b) Such negligence resulted in injury to the claimant.
 

 Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant’s submission of a verified written medical expert opinion from a medical expert as defined in s. 766.202(6), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.
 

 [2]
 

 . The complaint alleged that Vein Center was liable for "[n]egligently hiring, training, supervising, monitoring and retaining staff, including its laser technician, that failed to properly set potentially dangerous and injury-causing equipment at the correct settings to avoid permanent burn injuries to patients, including Huppman.”
 

 [3]
 

 . In response to this second motion to dismiss, Huppman did not reassert her argument that Vein Center had waived its right to medical corroboration by failing to provide Huppman with medical records. Instead, Huppman asserted that Boyert's corroborating affidavit satisfied the requirements of chapter 766. Because the waiver argument was not considered by the circuit court, we likewise do not consider it in this proceeding.
 

 [4]
 

 . We note that Boyert may be qualified to render an expert medical opinion on the proper operation of the Lumenis IPL equipment in an ordinary negligence action, which is not governed by the dictates of chapter 766.