CRENSHAW, Judge.
 

 Michael Holden petitions the court for certiorari review of the circuit court’s order granting Dr. Qin Gu and Dr. David Malka, d/b/a The Malka Institute of Neu-rosciences and Disease’s (“the Malka Institute”) motion to dismiss. Though the circuit court’s nonfinal order acted to dismiss the complaint against Dr. Gu and the Mal-ka Institute without prejudice, the order effectively became a final order dismissing the case with prejudice due to the passage of the statute of limitations. We find the circuit court erred by summarily ruling on the sufficiency of Mr. Holden’s notice of intent and supporting affidavit without determining whether Mr. Holden complied with the reasonable presuit investigation requirements of chapter 766, and therefore we reverse.
 

 In a letter dated August 10, 2007, Mr. Holden served Dr. Gu a notice of intent to initiate a medical malpractice action against him pursuant to sections 766.106(2) and 766.203(2), Florida Statutes (2006). The notice was based on treatment Mr. Holden received in the hospital emergency department at Morton Plant North Bay Hospital on November 22, 2006, after he had suffered an acute ischemic stroke at his workplace. Mr. Holden alleged Dr. Donna Schutzman Bober, who was the attending emergency department physician, and Dr. Gu were negligent and breached the applicable standard of care by failing to timely administer a tissue plasminogen activator to Mr. Holden.
 

 In support of the notice of intent and because the treatment in question involved emergency medical services in a hospital emergency department,
 
 [1]
 
 Mr. Holden attached a corroborating affidavit from Dr. Frank J. Baker, II, a practicing board-certified emergency department physician retained as a medical expert to review the emergency department records. Dr. Baker, through his affidavit, opined that that there were reasonable grounds to believe that Dr. Bober, Dr. Gu, and Morton Plant North Bay Hospital were negligent in Mr. Holden’s treatment. Mr. Holden subsequently discovered during presuit discovery that Dr. Gu was actually a neurologist employed by the Malka Institute who was not present in the emergency department at the time of the incident. Rather, Dr. Bober had consulted with Dr. Gu on the telephone about Mr. Holden’s medical condition.
 

 Following the denial of Mr. Holden’s notice of intent by all of the potential defendants, Mr. Holden filed a complaint in June 2008 alleging, in part, negligence against Dr. Gu and vicarious liability against the Malka Institute. In response, Dr. Gu and the Malka Institute filed a motion to dismiss alleging Dr. Baker’s affidavit was facially insufficient because he incorrectly identified Dr. Gu as an emergency department physician, not a neurolo
 
 *399
 
 gist, and only provided the applicable standard of care for emergency department physicians. Dr. Gu and the Malka Institute argued that under the “four corners of [Mr. Holden’s] complaint,” Mr. Holden failed to corroborate that reasonable grounds existed for a claim against Dr. Gu as required by section 766.203(2) before issuing the notice of intent. The circuit court agreed and, without conducting a hearing into the reasonableness of Mr. Holden’s presuit investigation, entered an order on August 5, 2009, granting the parties’ motion to dismiss without prejudice.
 

 I. This case is properly reviewed as an appeal, not a petition for writ of certiorari
 

 We note at the onset that although the circuit court’s order acted to dismiss the complaint against Dr. Gu and the Malka Institute without prejudice, the order was entered in July 2009, almost three years from the date of Mr. Holden’s injury. However, because the statute of limitations for a medical malpractice action is two years, the period for Mr. Holden to timely refile his complaint had passed.
 
 [2]
 

 See
 
 § 95.11(4)(b). Thus the order effectively became a dismissal with prejudice barring Mr. Holden from refiling his action.
 
 See, e.g., Faber v. Wrobel,
 
 673 So.2d 871, 872 (Fla. 2d DCA 1995) (noting the granting of a motion to dismiss for failing to comply with the reasonable investigation requirements of sections 766.201 to 766.212 was with prejudice because the statute of limitations had passed);
 
 see also Delgado v. J. Byrons, Inc.,
 
 877 So.2d 822, 823 (Fla. 4th DCA 2004) (“Although the phrase ‘without prejudice’ ordinarily indicates that an order is not final, there is one circumstance in which [a] dismissal without prejudice is final. If the effect of the order is to dismiss the case ... the language “without prejudice’ would not affect the finality of the order.” (alteration in original) (quoting Philip J. Padovano,
 
 Florida Appellate Practice
 
 § 21.2 (2d ed. 1997)));
 
 Martinez v. Collier County Pub. Sch.,
 
 804 So.2d 559, 560 (Fla. 1st DCA 2002) (“Dismissal without prejudice is final if its effect is to bring an end to judicial labor.”).
 
 [3]
 
 Because the passage of the statute of limitations effectively ended the judicial labor in this case, we treat the circuit court’s order as a final, appealable order.
 

 II. An explanation of the statutory requirements to initiate a medical malpractice action
 

 The purpose of a presuit investigation under section 766.203(2) is to allow a claimant to ascertain in good faith whether there were reasonable grounds to believe that a defendant was negligent and if such negligence resulted in injury to the claimant. The claimant must corroborate the reasonable grounds to initiate and support a medical malpractice action by submitting a verified written medical expert opinion from a medical expert as defined under section 766.202(6). § 766.203(2). Section 766.202(6), in turn, defines a “medical expert” as someone who meets the requirements of an expert witness as set forth under section 766.102.
 

 
 *400
 
 After the presuit investigation is completed and before a complaint alleging medical negligence is filed, a claimant is required to notify each prospective defendant of his or her intent to initiate a medical negligence action. § 766.106(2)(a). However, a prospective defendant “may file a motion in the circuit court requesting the court to determine whether the opposing party’s claim ... rests on a reasonable basis.” § 766.206(1). The circuit court must then determine whether the opposing party complied with the reasonable investigation requirements of sections 766.201 to 766.212, which includes reviewing the claim and the verified medical expert opinion. § 766.206(2). If the court finds that the notice of intent was not in compliance, then it shall dismiss the claim.
 
 Id.
 

 These presuit requirements are designed to “alleviate the high cost of medical negligence claims through early determination and prompt resolution of claims.”
 
 Weinstock v. Groth,
 
 629 So.2d 835, 838 (Fla.1993). Nonetheless, “the medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen’s constitutionally guaranteed access to the courts.”
 
 Kukral v. Mekras,
 
 679 So.2d 278, 284 (Fla.1996);
 
 see also Weinstock,
 
 629 So.2d at 838 (“[T]he purpose of the chapter 766 presuit requirements is ... not to deny access to the courts to plaintiffs_”). Further, the statutory requirements are not to be used by prospective defendants as preemptive sword against a plaintiff.
 
 See Michael v. Med. Staffing Network, Inc.,
 
 947 So.2d 614, 619 (Fla. 3d DCA 2007).
 

 III. The applicable standard of review is de novo
 

 In order to adhere to the policy enunciated behind the presuit notice requirements, we must review the sufficiency of Dr. Baker’s qualifications and his corroborating affidavit to determine if it complies with the statutory requirements of chapter 766.
 
 See Jeffrey A. Hunt, D.O., P.A. v. Huppman,
 
 28 So.3d 989, 992 (Fla. 2d DCA 2010). Because this case concerns the trial court’s disposition of a motion to dismiss, our standard of review is de novo.
 
 See Univ. of Miami v. Wilson, 948
 
 So.2d 774, 776 (Fla. 3d DCA 2006);
 
 Apostolico v. Orlando Reg’l Health Care Sys., Inc.,
 
 871 So.2d 283, 286 (Fla. 5th DCA 2004).
 

 As we discussed above, the circuit court’s consideration on a motion challenging a claimant’s compliance with the presuit investigation requirements in a medical malpractice action requires a determination of whether the claim rests on a reasonable basis and whether the claimant complies with the reasonable investigation requirements of sections 766.201 to 766.212. § 766.206(1), (2). Yet, because the circuit court is reviewing a pleading challenging the reasonableness of a pre-suit investigation in the context of a motion to dismiss, the standard as to whether a reasonable basis has been shown should be similar to the standard that is applied to determine whether a complaint states a cause of action.
 
 See, e.g., Holmes v. Bridgestone/Firestone, Inc.,
 
 891 So.2d 1188, 1191 (Fla. 4th DCA 2005) (“When a trial court is determining if a plaintiff has made a ‘reasonable showing’ under section 768.72 for a recovery of punitive damages, it is similar to determining whether a complaint states a cause of action, or the record supports a summary judgment, both of which are reviewed de novo.”);
 
 Tiger Point Golf & Country Club v. Hippie,
 
 977 So.2d 608, 610 (Fla. 1st DCA 2007);
 
 Estate of Despain v. Avante Group, Inc.,
 
 900 So.2d 637, 644 (Fla. 5th DCA 2005). Therefore, all of the factual allegations raised by Mr. Holden are considered to be true and must be construed in the light most favorable to him.
 
 See
 
 
 *401
 

 Hosp. Constructors Ltd. ex rel. Lifemark Hosps. of Fla., Inc. v. Lefor,
 
 749 So.2d 546, 547 (Fla. 2d DCA 2000).
 

 IV. Applying the reasonableness requirements of section 766.206
 

 In their motion to dismiss, Dr. Gu and the Malka Institute alleged Mr. Holden’s expert affidavit was facially insufficient due to his qualifications as an emergency room physician, not a neurologist. The circuit court conducted a hearing and entered an order granting their motion to dismiss. Yet the order did not contain any reasoning behind the circuit court’s determination. The parties, in their argument before this court, cite the circuit court’s application of section 766.102(5) as the reason for the dismissal. The pertinent part of section 766.102(5) provides:
 

 A person may not give expert testimony concerning the prevailing professional standard of care unless that person is a licensed health care provider and meets the following criteria:
 

 (a) If the health care provider against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:
 

 1. Specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered;
 
 or specialize in a similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients;
 
 and
 

 2. Have devoted professional time during the 3 years immediately preceding the date of the occurrence that is the basis for the action to: a. The active clinical practice of, or consulting with respect to, the same
 
 or similar specialty
 
 that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients[.]
 

 (Emphasis added.) Dr. Gu and the Malka Institute contend Dr. Baker fails to meet the “similar specialty” requirement of an expert witness under section 766.102(5) because he is a specialist in the field of emergency medicine, not neurology. Accordingly, they insist Dr. Baker’s corroborating affidavit, in which he opines Dr. Gu deviated from the standard of care directed at an emergency department physician, cannot be considered a valid written medical expert opinion under section 766.208(2).
 

 As the First District noted in
 
 Oken v. Williams,
 
 23 So.3d 140, 146 (Fla. 1st DCA 2009), the term “similar specialty” has neither been defined by statute nor case law following the Florida Legislature’s amendment of section 766.102(5) in 2003. In
 
 Oken,
 
 the plaintiff suffered an acute myocardial infarction while receiving care in an emergency department of a hospital. The plaintiff sent a notice of his intent to initiate litigation against the hospital and against Dr. Oken, a board-certified cardiologist with whom the attending emergency department physician consulted during the course of the plaintiffs treatment. In support of his notice, the plaintiff attached the corroborating affidavit of Dr. Foster, a board-certified emergency department physician. Dr. Oken filed a motion to dismiss, alleging the plaintiffs malpractice action failed to timely comply with the statutory presuit requirements because he did not attach a corroborating affidavit of a medical expert that complied with section 766.202(6). The circuit court denied the motion to dismiss, and Dr. Oken appealed. The appellate court, upon conducting its own inquiry into the qualifications of a board-certified cardiologist, determined an
 
 *402
 
 emergency department physician who treated patients with suspected cardiac problems could not opine on the specialized care provided by a cardiologist because he “lack[ed] the specifically focused education, training, and experience to provide the specialized diagnosis and treatment needed by patients suffering from cardiac complaints.”
 
 Oken,
 
 23 So.3d at 150.
 

 We disagree with
 
 Oken’a
 
 conclusion that an emergency department physician could not be considered an expert witness in a medical malpractice action against a specialist practicing in an emergency department setting because the First District did not consider the reasonableness of the pre-suit investigation in the light most favorable to the plaintiff, and the determination was based on independent information that was obtained outside of the court’s appellate record.
 
 See Oken,
 
 23 So.3d at 150-55 (Browning, J., dissenting). Here, when we consider Dr. Gu and the Malka Institute’s challenges in the light most favorable to Mr. Holden, we find their assertions as to Dr. Baker’s qualifications are mere inconsistencies in the corroborating affidavit that cannot be resolved in their favor from either the face of the record or under the reasonableness requirements of chapter 766.
 
 [4]
 
 And, in contrast to
 
 Oken,
 
 we can envision a scenario where an emergency department physician could be considered an expert witness specializing in a “similar specialty” to that of a specialist treating a patient in an emergency department capacity. In light of the policy enunciated in
 
 Kukral
 
 that the medical malpractice statutory scheme be liberally interpreted, 679 So.2d at 284, we do not read the term “similar specialty” in section 766.102(5) with the same rigidity as the First District did in
 
 Oken.
 

 Nonetheless, an exact definition of “similar specialty” is premature in light of the facts of this case because there is nothing in the record demonstrating that the circuit court, despite conducting a hearing on Dr. Gu and the Malka Institute’s motion to dismiss, first considered whether Mr. Holden’s claim rests on a reasonable basis and whether his notice of intent is in compliance with the requirements of chapter 766. Often this inquiry is accomplished by conducting an evidentiary hearing.
 
 See Wood v. Virgo,
 
 3 So.3d 430, 431 (Fla. 2d DCA 2009) (Wallace, J., concurring);
 
 Martin Mem’l Med. Ctr., Inc. v. Herber,
 
 984 So.2d 661, 664 (Fla. 4th DCA 2008);
 
 Paranzino v. Berger,
 
 755 So.2d 655, 657 (Fla. 4th DCA 1998);
 
 Duffy v. Brooker,
 
 614 So.2d 539, 544-45 (Fla. 1st DCA 1993),
 
 disapproved on other grounds, Archer v. Maddux,
 
 645 So.2d 544, 547 (Fla. 1st DCA 1994). Dr. Gu and the Malka Institute contend an evidentiary hearing would be unnecessary because the four corners of the complaint and the notice of intent demonstrate Dr. Baker’s affidavit was facially insufficient. We disagree because, as we have already discussed, we cannot find anything from the face of the record that would permit the circuit court to summarily make this finding without first holding an evidentiary hearing. An evidentiary hearing would provide Mr. Holden with the opportunity to both introduce witnesses to explain how Dr. Baker’s qualifications could be considered a “similar specialty” to that of Dr. Gu and clarify any inconsistencies in the corroborating affidavit. Further, we note Dr. Gu and the Malka Institute’s reliance on the sufficiency of the complaint is misplaced at this
 
 *403
 
 stage of the proceedings because the plain language of section 766.206 requires the circuit court to determine the reasonableness of the affidavit under the investigation requirements of chapter 766 rather than the complaint filed thereafter.
 

 Y. Conclusion
 

 Thus we find the circuit court erred by granting Dr. Gu and the Malka Institute’s motion to dismiss without first determining, in the light most favorable to Mr. Holden, whether he complied with the reasonable presuit investigation requirements of chapter 766. Upon remand, the circuit court shall consider at an evidentiary hearing whether Mr. Holden’s corroborating affidavit from an emergency department physician reasonably complied with the “similar specialty” requirement of an expert witness under section 766.102(5).
 

 Accordingly, we reverse the order of dismissal and remand for further proceedings.
 

 KELLY, J., Concurs.
 

 CASANUEVA, C.J., Concurs in result only.
 

 [1]
 

 . See § 766.102(9).
 

 [2]
 

 . We observe that the time for Mr. Holden to refile his complaint would have passed even if we consider the ninety-day tolling period during the service of the presuit notice.
 
 See
 
 § 766.106(4).
 

 [3]
 

 . Under ordinary circumstances, any failure to comply with the presuit requirements of chapter 766 would not be fatal to the complaint itself so long as compliance would be accomplished within the statute of limitations period.
 
 See Fla. Hosp. Waterman v. Stoll,
 
 855 So.2d 271, 276 (Fla. 5th DCA 2003) (citing
 
 Kukral v. Mekras,
 
 679 So.2d 278, 278 (Fla.1996)).
 

 [4]
 

 . We also observe that there is nothing establishing that Dr. Gu or the Malka Institute submitted a competing verified medical expert opinion from a medical expert rejecting Mr. Holden's claims.
 
 See
 
 § 766.203(3)(b).