PER CURIAM.
We reverse the trial court’s order dismissing this case for failure to comply with section 766.206, Florida Statutes (2009). In Martin Memorial Medical Center, Inc. v. Herber, 984 So.2d 661, 664 (Fla. 4th DCA 2008), we wrote that “[b]ecause Martin Memorial did not provide [certain] [medical] records within ten days, the statute provides that Ms. Herber was under no obligation to furnish a corroborating affidavit with her notice of intent or any time thereafter.” Under subsection 766.204(2), Florida Statutes (2009), the hospital’s failure to timely provide medical records waived the requirement of a “written opinion” under subsection 766.202(5) and section 766.203, Florida Statutes (2009).
When a trial court must decide whether a claim “rests on a reasonable basis” within the meaning of subsection 766.206(1), “the standard as to whether a reasonable basis has been shown should be similar to the standard that is applied to determine whether a complaint states a cause of action.” Holden v. Bober, 39 So.3d 396, 400 (Fla. 2d DCA 2010). This ruling is reviewed de novo. See Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188, 1191 (Fla. 4th DCA 2005). The MRSA cluster at the hospital, the timing of Herber’s surgery, and the 2009 affidavit of Dr. Bakken[1] were sufficient to establish that the claim rested on a reasonable basis at this early stage of the proceedings. See Kukral v. Meleras, 679 So.2d 278, 284 (Fla. 1996) (observing that a “fully verified corroborating expert opinion in support of the claim,” along with the other circumstances of the claim, “mooted any issue as to the existence of a reasonable basis for the claim”). In so holding, we note that “[t]he provisions of sections 766.201-.212, Florida Statutes, are not to be allowed to impinge upon plaintiffs’ right of access to the courts and must be construed as imposing upon plaintiffs only a reasonable and limited duty before allowing them to file a suit.” Shands Teaching Hosp. & Clinics, Inc. v. Barber, 638 So.2d 570, 571 (Fla. 1st DCA 1994) (citations omitted).
 The reasonableness of an investigation under section 766.206(2) is a factual matter, which is reviewed on appeal for competent, substantial evidence. See Duffy v. Brooker, 614 So.2d 539, 542, 545 (Fla. 1st DCA 1993), abrogated on other grounds by Shands Teaching Hosp. v. Miller, 642 So.2d 48, 49 (Fla. 1st DCA 1994). It appears that the trial court determined that the reasonableness of the investigation had to be determined as of *3 the date that the notice of intent was filed. However, the Supreme Court has not imposed such a draconian time limitation on presuit requirements; “the failure to comply with the presuit requirements of the statute is not necessarily fatal to a plaintiffs claim so long as compliance is accomplished within” the statute of limitations period. Kukral, 679 So.2d at 283-84. In March and April, 2005, before the statute of limitations ran, Herber’s attorney reviewed the case against every potential defendant and consulted with Dr. Bakken, who informed him “that there were reasonable grounds to believe” that the hospital was negligent in the treatment of Herber, which caused her injury. This satisfied the reasonable investigation requirement of the statute.

Reversed and remanded.

STEVENSON, GROSS, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.

. We note that it was appropriate to consider Dr. Bakken’s affidavit on this issue because it was filed before the March, 2010, hearing in this case.