# Third District Court of Appeal

## State of Florida

Opinion filed July 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-0756
Lower Tribunal No. 09-35784
_____

**Yuri Bery, etc.,**
Appellant,

vs.

**Ghassan Fahel, D.O.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Austin & Laurato, P.A., and Michael V. Laurato and Kimberly Hendee (Tampa); Howard Levine, for appellant.

Hicks, Porter, Ebenfeld & Stein, P.A., and Dinah Stein, Mary J. Gniadek and Erik P. Bartenhagen; Petruccelli & Osher, P.A. (Fort Lauderdale), for appellee.

Before LAGOA and LOGUE, JJ., and KLINGENSMITH, Associate Judge.

KLINGENSMITH, Associate Judge.

Counsel for Yuri Bery, as personal representative of the estate of Juliana Bery, appeals a judgment awarding attorney fees and costs against him after Ghassan Fahel, D.O. successfully challenged the plaintiff's compliance with Florida's presuit investigatory requirements under section 766.206, Florida Statute (2011), and obtained dismissal of the plaintiff's claim for medical malpractice. For the reasons set forth below, we affirm the trial court's order.

As part of his presuit investigation, counsel for the plaintiff obtained the affidavit of Dr. Khilnani, an emergency medicine physician, to serve as the required statutory medical expert opinion corroborating the merits of the plaintiff's claims against Dr. Fahel, a board-certified family practitioner. Counsel then filed the instant medical malpractice action against Dr. Fahel and other defendants, whereupon Dr. Fahel claimed the notice of intent served on him was defective and improper under the statute. Following two evidentiary hearings, the trial court ruled that Dr. Khilnani did not meet the criteria set forth by the Florida Legislature as it relates to testifying against a general practitioner, and, because the plaintiff failed to comply with the medical malpractice presuit requirements, the claim was dismissed.

On appeal from the dismissal, this court affirmed, concluding that the trial court correctly determined that Dr. Khilnani was "unqualified to act as an expert witness against Dr. Fahel." Bery v. Fahel, 143 So. 3d 962, 963 (Fla. 3d DCA

2

2014). On remand, the trial court held an evidentiary hearing and awarded Dr. Fahel the $6,623.39 in fees and costs the defense was forced to incur in responding to the plaintiff's deficient notice of intent. The final judgment indicated that the sanction resulted from counsel's failure "to comply with the presuit requirements," by, among other things, utilizing the corroborating affidavit of an expert who was unqualified to testify against Dr. Fahel.

The trial court's finding that Dr. Khilnani was not qualified as an expert under the statutes is not before this court on appeal. That finding was affirmed in the prior appeal, Bery, 143 So. 3d at 962, making Dr. Khilnani's disqualification as an expert the law of the case. See Florida Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) ("The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings."). The issue here is whether the failure to provide an adequate corroborating affidavit constitutes a failure to comply with reasonable presuit investigation requirements for an award of fees and costs as a sanction. We find that under the language of the statute, it does.

Section 766.206(2) provides as follows:

If the court finds that the notice of intent to initiate litigation mailed by the claimant does not comply with the reasonable investigation requirements of ss. 766.201-766.212, including a review of the claim and a verified written medical expert opinion by an expert witness as

3

defined in s. 766.202, or that the authorization accompanying the notice of intent required under s. 766.1065 is not completed in good faith by the claimant, **the court shall dismiss the claim, and the person who mailed such notice of intent, whether the claimant or the claimant's attorney, is personally liable for all attorney's fees and costs incurred during the investigation and evaluation of the claim,** including the reasonable attorney's fees and costs of the defendant or the defendant's insurer.

(emphasis added). Section 766.202(6) defines "medical expert" as "a person duly and regularly engaged in the practice of his or her profession who holds a health care professional degree from a university or college and who meets the requirements of an expert witness as set forth in s. 766.102." Section 766.102, in turn, sets forth the qualifications required of an expert witness providing the standard of care for a healthcare provider, whether a specialist or a general practitioner.

A party's failure to provide a corroborating affidavit from a qualified medical expert constitutes prima facie evidence of lack of a reasonable basis to bring suit. See Duffy v. Brooker, 614 So. 2d 539, 545 (Fla. 1st DCA 1993), abrogated on other grounds, Shands Teaching Hosp. v. Miller, 642 So. 2d 48 (Fla. 1st DCA 1994). Here, substantial credible evidence supported the trial court's determination that a reasonable investigation was not performed by the plaintiff's counsel, not only because of Appellant's failure to satisfy the statutory requirements set out in Section 766.102, but also because the attorney persisted in the use of Dr. Khilnani's affidavit even after it was disclaimed and withdrawn by

the affiant himself before the presuit period had expired. See Herber v. Martin Mem'l Med. Ctr., Inc., 76 So. 3d 1, 2-3 (Fla. 4th DCA 2011) (holding that factors in considering "the reasonableness of the investigation" can include actions taken after the notice of intent was filed). Once the trial court found that the presuit affidavit did not meet the statutory pre-suit notice requirements and dismissed the claim, Section 766.206(2) mandated a finding that the presuit investigation was unreasonable for the purposes of imposing fees and costs.

Therefore, we affirm the trial court's judgment finding the presuit investigation unreasonable and assessing fees and costs as a sanction.

Affirmed.