572 So.2d 12 (1990)
James D. GRIMSHAW, D.O., and James D. Grimshaw, D.O., P.A., Petitioners,
v.
Maureen K. SCHWEGEL, As Personal Representative of the Estate of Lawrence E. Schwegel, Deceased, Respondent.
No. 90-02887.
District Court of Appeal of Florida, Second District.
December 21, 1990.
*13 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for petitioners.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for respondent.
PER CURIAM.
The petitioners seek a writ of certiorari to quash an order that compels them to produce a document which they claim is exempt from discovery by virtue of section 768.57(5), Florida Statutes (1987). We grant the petition.
The petitioners are the defendants in a wrongful death/medical malpractice action filed by the respondent. During the course of discovery, respondent deposed one of the petitioners' experts, a medical doctor, who is expected to testify at trial. In preparation for the deposition, the expert had reviewed a report, in the form of a letter, that he had written to the petitioners' insurer during the presuit screening period. The letter, which had been written after the expert had examined medical charts and other information, apparently contained the expert's opinions and observations. When it came time for his deposition, the expert did not review the medical charts and had limited recollection of the underlying facts. Thus, he relied on the information in the letter to reconfirm his opinions.
During the deposition, the petitioners' counsel did not permit the respondent's counsel to review the letter and indicated that it was privileged as a presuit document. Rather than adjourning the deposition to give the expert an opportunity to review the source materials which he had used to prepare the letter, the respondents filed a motion to compel.
The trial court granted the motion, finding that the petitioners could not claim the discovery privilege provided in section 768.57(5), because the expert's report was the sole basis for the facts and opinions expressed in his deposition.
Former section 768.57(5) provided:
No statement, discussion, written document, report, or other work product generated by the presuit screening process is discoverable or admissible in any civil action for any purpose by the opposing party.
§ 768.57(5), Fla. Stat. (1987) (now codified at § 766.106(5), Fla. Stat. (1989)). The present section 766.106(5) contains this same language, which is clear and unambiguous. The legislature did not provide an exception to the discovery privilege for certain documents created during the presuit screening process when such documents are relied upon by experts who are expected to testify at trial. Cf. Peck v. Messina, 523 So.2d 1154 (Fla. 2d DCA 1988) (prior to enactment of section 768.57(5), reports of experts expected to testify at trial were not protected by work product privilege). In so doing, it is apparent that the legislature considered that the exchange of information during the presuit screening process would be greater if confidentiality were assured. Obviously, the legislature determined that this policy outweighed the need for civil litigants to obtain certain discovery generated by the presuit screening process. See Holly v. Auld, 450 So.2d 217 (Fla. 1984). Although a judicial exception to section 768.57(5) may be essential in other exceptional circumstances, the present matter creates no basis to override the clear language of the statute.
In accordance with the foregoing principles, we hold that the trial court departed from the essential requirements of the law in compelling petitioners to produce the expert's report. Therefore, we grant the petition and issue the writ of certiorari. We remand the matter to the trial court with directions to vacate the order compelling *14 production and for further proceedings consistent with this opinion.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.