PER CURIAM.
In this medical malpractice action, petitioner as plaintiff seeks a writ of certiorari to quash the trial court’s order permitting discovery. The trial court’s order allows limited discovery from Ms. Ellen J. Rie-back, the nurse retained by the plaintiff as a consultant for the presuit investigation process required by section 766.203, Florida Statutes (1991). We deny the petition, but explain our reasoning because the plaintiff is still entitled to protect work product and presuit screening information.
Ms. Rieback owns and operates a corporation named Medical Advisors, Inc., in Sunrise, Florida. She also does business through an entity named Rieback Medical-Legal Consultants. Through her businesses she assists in locating and hiring expert witnesses for both presuit investigation and trial preparation. While deposing Dr. Kenneth Hammerman, the plaintiff’s ex *924 pert physician who is expected to testify at trial, the defendant’s attorney learned that Ms. Rieback had arranged for the physician to serve as an expert witness.
At the deposition, the physician testified that he charged $150.00 per hour for reviewing materials in preparation for a deposition. The statement from Rieback Medical-Legal Consultants that was produced at the deposition, however, billed the defendant for the physician’s time spent in preparation for the deposition at the hourly rate of $250.00. When further questioned about the specifics of the financial arrangement between himself and Ms. Rieback, Dr. Hammerman equivocated in his responses. He did not recall the exact arrangement even though he had received the bulk of his cases from Ms. Rieback for the past five years.
Defense counsel sought to depose Ms. Rieback and attempted to subpoena certain documents for the purpose of obtaining information regarding the financial arrangement between Ms. Rieback and the physician and between Ms. Rieback and the plaintiff.[1] Even though this discovery may lead to information useful primarily as collateral impeachment, it is appropriate discovery because it is reasonably calculated to lead to the discovery of relevant, admissible evidence concerning the physician’s bias. See, e.g., Wood v. Tallahassee Memorial Regional Medical Center., 593 So.2d 1140 (Fla. 1st DCA 1992); McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991). The trial court properly ruled that defense counsel may inquire into some matters pertaining to Ms. Rieback’s businesses and to the procurement of the services of Dr. Hammerman, as an expert for use at trial. The trial court’s order prohibits inquiry during this discovery concerning Ms. Rie-back’s mental impressions or other matters which would constitute plaintiff's work product. Thus, even though Ms. Rieback may well be an expert not intended to testify at trial pursuant to Florida Rule of Civil Procedure 1.280(4)(B), the order will limit her testimony to matters outside her professional expertise.
The plaintiff and amicus curiae contend that Grimshaw v. Schwegel, 572 So.2d 12 (Fla. 2d DCA 1990), prohibits all discovery of any kind from a consultant used in the presuit screening process. Grimshaw does not stand for such a broad proposition. The compelled discovery in Grimshaw was a letter that the testifying expert witness had reviewed in preparing for his deposition. The letter was not discoverable because it had been generated “by the presuit screening process” and was exempt from normal discovery under that statute which is currently section 766.106(5), Florida Statutes (1991).
The information sought by the defendant in this case is not necessarily protected by section 766.106(5) nor is it necessarily work product. It is important to emphasize that our limited record in this certiorari proceeding does not contain an affidavit or even an allegation that Dr. Hammerman performed any presuit screening in this case or in any other case involving Ms. Rieback. Thus, we cannot assume that any of the documents requested by the defendant were generated by the presuit screening process in this case or in any other case.
If some of these documents or even portions of these documents relate to the pre-suit screening process or to work product, that is a matter that can still be resolved under the trial court’s order. The trial court specifically prohibited inquiry into matters constituting any work product, which would include statements, discussions, written documents, or reports generated by the presuit screening process. See *925 § 766.106(5), Fla.Stat. (1991). From simply a review of the list of documents subpoenaed from Ms. Rieback, neither the trial court nor this court can declare that the requested information is work product or documents generated by the presuit screening process. Accordingly, we deny the petition for writ of certiorari.
Petition denied.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.

.The subpoena requests the following documents:
1. All bills received from Kenneth Hammer-man for the period 1986 through present.
2. Documents reflecting the case names and attorneys for all cases in which Medical Ad-visors consulted with Kenneth Hammerman.
3. All promotional articles, advertisements or brochures describing the services provided by Medical Advisors, Inc., including but not limited to services in providing expert witnesses.
4. All reports prepared by Kenneth Ham-merman in the above case.
5. All contracts with Kenneth Hammerman.
6. All bills for services provided by either Medical Advisors, Inc., or Kenneth Hammer-man relating to the above case.