637 So.2d 993 (1994)
Antonia Marie McDowell WATKINS, Petitioner,
v.
Vladimir ROSENTHAL, M.D., Vladimir Rosenthal, M.D., P.A., Respondents.
No. 94-882.
District Court of Appeal of Florida, Third District.
June 7, 1994.
Craig S. Bulkeley, Coral Gables, for petitioner.
Womack & Bass, Miami, and Eric Colburn Sage, Plantation, for respondents.
Before BARKDULL, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Petitioner seeks a writ of certiorari to quash an order granting respondents leave to *994 depose petitioner's corroborating medical expert. We grant the petition and quash the order.
Petitioner's corroborating medical expert authored the opinion attached to petitioner's notice of intent to initiate medical negligence litigation. Corroboration of reasonable grounds to initiate medical negligence litigation by a medical expert is a component of the presuit investigation process. § 766.203, Fla. Stat. (1993). Section 766.205(4), Florida Statutes (1993), provides: "No statement, discussion, written document, report, or other work product generated solely by the presuit investigation process is discoverable or admissible in any civil action for any purpose by the opposing party."
Respondents seek to depose the medical expert in preparation for their action under section 766.206(1), in which they seek a judicial determination of whether petitioner's claim rests on a reasonable basis. Such a deposition would, of necessity, include statements, discussions and references to work product generated solely by the presuit investigation process. Therefore, the deposition would violate section 766.205(4), which provides no exception to the discovery privilege. See Grimshaw v. Schwegel, 572 So.2d 12, 13 (Fla. 2d DCA 1990). As noted by the court in Grimshaw, 572 So.2d at 13:
[T]he legislature considered that the exchange of information during the presuit screening process would be greater if confidentiality were assured. Obviously, the legislature determined that this policy outweighed the need for civil litigants to obtain certain discovery generated by the presuit screening process.
Respondents contend that quashing this order would frustrate the trial court in its efforts under section 766.206(1) to determine whether petitioner complied with the reasonable investigation requirements. We disagree.
In making its determination pursuant to section 766.206(1), the trial court may consider any relevant evidence, including inferences to be drawn from the text of the notice of intent to sue and its corroborating medical expert opinion. Duffy v. Brooker, 614 So.2d 539, 545 (Fla. 1st DCA), review denied, 624 So.2d 267 (Fla. 1993). The corroboration statement must outline the factual basis for the opinion. Id. at 546. Taken together, "the notice of intent to initiate litigation and the corroborating medical expert opinion ... must sufficiently indicate the manner in which the defendant doctor allegedly deviated from the standard of care, and must provide adequate information for the defendant[] to evaluate the merits of the claim." Id. at 545.
Accordingly, we hold that the trial court departed from the essential requirements of the law by ordering the deposition of petitioner's corroborating medical expert. We therefore grant the petition and quash the order.
Certiorari granted; order quashed.