984 So.2d 661 (2008)
MARTIN MEMORIAL MEDICAL CENTER, INC., Petitioner,
v.
Dorothy HERBER, Individually, Respondent.
No. 4D07-3880.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*662 Heidi J. Livingston and Janet W. Adams of Hill, Adams, Hall & Schieffelin, P.A., Winter Park, for petitioner.
James C. Blecke of Deutsch & Blumberg, P.A., Law Office of Kevin O'Connor, Miami, and Seidule & Webber, Stuart for Respondent.
DAMOORGIAN, J.
In this timely petition for certiorari, Martin Memorial Medical Center seeks review of an order denying its motion to dismiss for failure to comply with statutory presuit screening requirements under sections 766.203 and 766.206, Florida Statutes (2004). We grant certiorari because the trial court departed from the essential requirements of law by failing to determine whether Ms. Herber conducted a good faith investigation and whether her claim rested on a reasonable basis. Further, failure to meet the requirements of a presuit investigation under section 766.203 results in irreparable harm. Citron v. Shell, 689 So.2d 1288, 1290 (Fla. 4th DCA 1997), disapproved on other grounds.
Certiorari may lie to review an order denying a motion to dismiss for failure to comply with presuit investigation requirements in a medical malpractice action. St. Mary's Hosp. v. Bell, 785 So.2d 1261, 1262 (Fla. 4th DCA 2001) (citing Citron, 689 So.2d 1288; Cent. Fla. Reg'l Hosp. v. Hill, 721 So.2d 404, 405 (Fla. 5th DCA 1998)).
This case arises out of a claim for medical malpractice allegedly committed upon Dorothy Herber by Martin Memorial in February 2002. As part of the statutory presuit screening process, Ms. Herber's attorney requested medical records from Martin Memorial on January 7, 2005. Although originally sent to the incorrect address, the written request was received by Martin Memorial on January 17, 2005. The records were sent to Ms. Herber on February 1, 2005. Four days later, Ms. Herber's attorney sent Martin Memorial a notice of intent to initiate litigation for medical malpractice. The notice of intent did not contain a statutorily mandated verified written medical expert opinion which corroborates the claim of medical negligence and one was never provided.[1] The time for Martin Memorial to conduct its presuit screening was extended until November 1, 2005. After conducting an investigation, Martin Memorial rejected *663 Herber's claim pursuant to section 766.203(3).[2]
On March 6, 2006, Ms. Herber served her amended complaint for medical negligence on the hospital. Martin Memorial filed a motion to dismiss the amended complaint on the grounds that Ms. Herber failed to conduct a good faith investigation and failed to provide a corroborating affidavit. Moreover, by failing to conduct a good faith investigation, Martin Memorial argued that there was no reasonable basis for the claim. Ms. Herber responded that she conducted a good faith investigation prior to receipt of the requested medical records and that she was not required to provide a corroborating affidavit because Martin Memorial failed to timely provide copies of her medical records pursuant to section 766.204(1). Although the trial court conducted a hearing on the hospital's motion, it did not determine whether plaintiff conducted a good faith investigation, or reach a conclusion on whether there was a reasonable basis for the claim.
The first issue before us is whether the failure of the trial court to determine whether plaintiff's claim rests on a reasonable basis is a departure from the essential requirements of law. See Watkins v. Rosenthal, 637 So.2d 993, 994 (Fla. 3d DCA 1994) (citing Duffy v. Brooker, 614 So.2d 539 (Fla. 1st DCA 1993), disapproved on other grounds). In Duffy, the First District concluded that "[w]hen one of the parties files a motion under section 766.206, the trial court must determine whether the opposing party's claim . . . `rests on a reasonable basis' and whether the notice of intent to sue . . . is `in compliance with the reasonable investigation requirements of ss 766.201-766.212.' If the greater weight of the evidence establishes that the non-moving party did not conduct a `reasonable investigation' and that its notice of intent to sue . . . does not `rest on a reasonable basis,' the motion will be granted." Id. at 544-45 (emphasis added). Here, the trial court did neither. Therefore, the order denying Martin Memorial's motion to dismiss is a departure from the essential requirements of the law from which Martin Memorial will suffer irreparable harm which could not be cured on plenary appeal. Escobar v. Olortegui, 662 So.2d 1361 (Fla. 4th DCA 1995). Accordingly, the petition is granted and the order quashed.
The second issue before us is whether, under section 766.204(2), Ms. Herber is excused from providing a corroborating affidavit because Martin Memorial failed to provide the requested medical records within ten business days from the date of the request.
Sections 766.204(1) and (2) provide:
(1) Copies of any medical record relevant to any litigation of a medical negligence claim or defense shall be provided to a claimant or a defendant, or to the attorney thereof, at a reasonable charge within 10 business days of a request for copies . . . It shall not be grounds to refuse copies of such medical records that they are not yet completed or that a medical bill is still owing.
(2) Failure to provide copies of such medical records . . . shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written *664 medical corroboration by the requesting party.
§ 766.204(1)-(2), Fla. Stat.
We previously held that the failure to provide medical records as required under section 766.204(1) obviates the necessity of providing a corroborating affidavit under section (2). Escobar, 662 So.2d at 1364; see also Medina v. Jackson Mem'l Hosp., 743 So.2d 541 (Fla. 3d DCA 1999). Martin Memorial, by its own admission received the request for records on January 17, 2005 and mailed the records on February 1, 2005; thirteen business days elapsed in the interim. Because Martin Memorial did not provide the records within ten days, the statute provides that Ms. Herber was under no obligation to furnish a corroborating affidavit with her notice of intent or any time thereafter.
We do not read the statute, however, as dispensing with the requirement of a good faith investigation when the records are not furnished within the ten days. Whether or not Ms. Herber can establish that she conducted a good faith investigation and has a reasonable claim without a corroborating affidavit is appropriate for the trial court to consider.
On remand, the trial court shall conduct a hearing to determine whether Ms. Herber's claim rests on a reasonable basis and whether the notice of intent to sue is in compliance with the reasonable investigation requirements of §§ 766.201-212.
Petition Granted.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] Section 766.203(2) provides that the institution of a medical malpractice action is conditioned upon the claimant's submission of a verified written medical expert opinion which corroborates reasonable grounds to support the claim of medical negligence.
[2] Section 766.203(3) provides that the presuit investigation must be done in good faith and is used to ascertain whether there are reasonable grounds to believe that the defendant was negligent in care or treatment and such negligence caused injury to the claimant.