GERBER, J.
 

 Defendants below appeal the trial court’s order declining to hear their third motion for summary judgment. Each of the motions alleged, among other things, that the plaintiff in this medical malpractice action did not comply with the presuit notice requirements of section 766.106(2), Florida Statutes, and Florida Rule of Civil Procedure 1.650. The defendants alleged that their third motion for summary judgment raised new arguments with updated affidavits and case law.
 

 Where chapter 766 presuit requirements are at issue, a party may seek certiorari review.
 
 See Martin Mem’l Med. Ctr., Inc. v. Herber,
 
 984 So.2d 661, 662 (Fla. 4th DCA 2008) (“Certiorari may lie to review an order denying a motion to dismiss for failure to comply with presuit investigation requirements in a medical malpractice action.”). An appellate court may grant certiorari where the trial court’s action departs from the essential requirements of the law from which the petitioner will suffer irreparable harm which cannot be cured on plenary appeal.
 
 *562
 

 Id.
 
 at 663. Treating the defendants’ appeal as a petition for writ of certiorari, we find that the trial court did not depart from the essential requirements of the law in declining to hear the defendants’ third motion for summary judgment.
 

 Petition denied.
 

 POLEN and FARMER, JJ., concur.