SUAREZ, J.
 

 Miami Children’s Hospital (“Miami Children’s”) petitions this Court for a writ of certiorari quashing an order denying Miami Children’s motion for protective order and motion to quash subpoena duces te-cum, on grounds that the orders below violate mandatory presuit screening requirements. This Court has certiorari jurisdiction to review the orders.
 
 See Baptist Hosp., Inc. v. Garcia,
 
 994 So.2d 390 (Fla. 3d DCA 2008). We grant the petition for writ of certiorari and quash the orders below.
 

 The petition for writ of certiorari arises out of a medical malpractice suit brought against Dr. Duchowny by the parents, as co-personal representatives, of their minor child’s estate. Pursuant to section 766.106, Florida Statutes (2007), the Boices served a notice of intent on the child’s treating physician, Dr. Duchowny, and his medical association on November 24, 2008. A notice of intent was not served on the hospital and no presuit investigation was conducted at that time. At the conclusion of the presuit investigation period for Dr. Duchowny, suit was filed against the doctor and his professional association. Approximately six months later, the Boices filed an amended complaint naming Miami Children’s as a defendant in the lawsuit against Dr. Duchowny and his medical association. Miami Children’s filed a motion to dismiss for failure to comply with the presuit filing procedures of Chapter 766 and Florida Rule of Civil Procedure 1.650, as the notice of intent had not been served. The trial court dismissed Miami Children’s as a defendant and granted Miami Children’s motion for protective order as to discovery. The Boices then served the statutory notice of intent on Miami Children’s on November 12, 2009.
 
 [1]
 
 On the same day as service of the notice of intent on Miami Children’s, the Boices served on Miami Children’s a notice to produce documents, which Miami Children’s claims are privileged, and subpoenas duces tecum for videotaped depositions of numerous hospital personnel. Miami Children’s moved for a protective order and to quash subpoenas duces tecum on grounds that pre-suit investigation had not been completed. The trial judge denied the motion for protective order and denied the motion to quash subpoenas duces tecum. This petition for writ of certiorari filed by Miami Children’s follows.
 

 The Boices argue, in response to this petition for certiorari, that, because a complaint has been filed against Dr. Du-chowny involving the same issues relevant to the impending suit against Miami Children’s and because Miami Children’s is not yet a party to the action, the Boices are entitled to take record discovery of Miami Children’s as a non-party pursuant to Florida Rules of Civil Procedure. We find the argument interesting, but, pursuant to the facts presented in this case, reject this argument and find that the trial court departed from the essential requirements of law by denying the hospital’s motion for protective order and to quash subpoena
 
 *790
 
 duces tecum.
 
 [2]
 
 Although Miami Children’s, technically a non-party, has been served by the Boices with the statutorily required notice of intent, the informal discovery period has not run and the Boices have let it be known that Miami Children’s will be made a party in the lawsuit concerning Dr. Duchowny. Based on these facts, the Boices cannot circumvent the intent and requirements of Florida Statutes and obtain record discovery prior to completion of the statutorily required informal discovery period.
 

 “The courts of this State, including this Court, have uniformly found that the legislature enacted chapter 766 to ‘promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding.’ ”
 
 Cohen v. Dauphinee,
 
 739 So.2d 68, 71 (Fla.1999) (citations omitted). The legislature considered that the exchange of information during the presuit screening process would be greater if confidentiality was assured.
 
 Cohen,
 
 739 So.2d at 71 (citing
 
 Grimshaw v. Schwegel,
 
 572 So.2d 12, 13 (Fla. 2d DCA 1990)). The prevailing policy of the State relative to medical malpractice actions is to encourage early settlement of meritorious claims and to screen out frivolous claims. In order to distinguish non-meritorious negligence claims at the earliest point, a free and open exchange of information during the presuit screening process is necessary and this is more likely to occur if parties are assured confidentiality of information. For all of these reasons, the legislature distinguished between informal and formal discovery in a medical malpractice action,
 
 see
 
 § 766.106(6), Fla. Stat. (2007), and made it clear that information obtained during presuit screening is confidential and not subject to formal discovery. It provided that statements, discussions, written documents and reports would be available to the opposing party during the informal discovery of presuit screening, but protected those items from formal discovery until after suit is filed. Because the information obtained during presuit screening is protected from formal discovery, the information obtained before the presuit screening period time has expired, and is confidential. Formal discovery may not be instituted until a lawsuit has been formally filed. Because of the clear and unambiguous language of section 766.205(4), which provides that “[n]o statement, discussion, written document, report or other work-product generated solely for the presuit investigation process is discoverable or admissible in any civil action for any purpose by the opposing party,” formal production of privileged documents and formal videotaped depositions sought to be obtained prior to the expiration of the presuit screening period would be public record, and, if not quashed, violative of the confidentiality privilege of section 766.205(4). Because any deviation from the clear and unambiguous language of section 766.205(4) would contravene the mandates of the presuit screening procedure and statute, we find that the trial court departed from the essential requirements of law in denying Miami Children’s motions for protective order and to quash subpoena duces tecum.
 

 We therefore grant the petition for writ of certiorari and quash the orders below.
 

 Certiorari granted.
 

 [1]
 

 .
 
 See
 
 § 766.106, Fla. Stat. (2007).
 

 [2]
 

 . The Boices have failed to present us with any case based on these facts where formal discovery has been allowed.