PALMER, J.
 

 Kissimmee Health Care Associates, LLC, d/b/a Keystone Rehabilitation and Health Center; its administrator, Jose Ali-cea; and Sea Crest Health Care Management, LLC, (collectively “Keystone”) seek certiorari review of the order entered by the trial court denying Keystone’s motion to dismiss the complaint filed by Alejandro Garcia. The complaint alleged violations of Florida’s nursing home residents’ rights under sections 400.022-.023, Florida Statutes (2010). Keystone moved to dismiss based on Garcia’s failure to mediate before filing his lawsuit. Determining that mediation is not a condition precedent to filing suit and, therefore, the trial court properly denied Keystone’s dismissal motion, we deny the petition.
 

 Lidia M. Nunez was a patient at Keystone. Garcia was her son and had power of attorney over her affairs. Garcia sent Keystone a presuit notice stating that he had a claim under Chapter 400 of the Florida Statutes on behalf of his mother. After Keystone failed to respond to his requests for certain documents, Garcia filed suit.
 

 Keystone filed a motion to dismiss the lawsuit, arguing that Garcia had not met the statutory condition precedent of pre-suit mediation.
 
 See
 
 § 400.0233(11), Fla. Stat. (2010). The trial court denied the motion, ruling that Garcia’s failure to mediate was not fatal to his lawsuit. Keystone petitions for certiorari review of that ruling.
 

 A party seeking certiorari review of an interlocutory order must show that (1) the order departed from the essential requirements of the law, and (2) the harm caused by the error will not be correctable in a post-judgment appeal.
 
 [1]
 

 See Belair v. Drew,
 
 770 So.2d 1164, 1166 (Fla.2000).
 

 
 *1109
 
 Keystone argues that the trial court’s denial of its motion to dismiss departed from the essential requirements of the law because section 400.0238(11) of Florida’s nursing home statute provides that the parties “shall” meet in mediation before the claimant files suit. The statute reads, in relevant part, as follows:
 

 400.0233 Presuit notice; investigation; notification of violation of resident’s rights or alleged negligence; claims evaluation procedure; informal discovery; review; settlement offer; mediation. □
 

 (11) Within 30 days after the claimant’s receipt of the defendant’s response to the claim, the parties or their designated representatives shall meet in mediation to discuss the issues of liability and damages .... At the conclusion of mediation, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
 

 § 400.0233(11), Fla. Stat. (2010).
 

 Although subsection (11) contains the mandatory language “shall,” it does not specify which party must initiate mediation. Additionally, subsection (11) does not expressly state that mediation is a condition precedent to filing suit. In contrast, section 400.0233 contains other subsections that do set forth conditions that are clearly labeled as conditions precedent to filing suit. For example, subsection (2) requires a claimant to notify each prospective defendant of asserted violations of the statute before filing suit.
 
 See
 
 § 400.0233(2), Fla. Stat. (2010). Similarly, subsection (3) requires the claimant to wait 75 days after the subsection (2) notice is mailed before filing suit.
 
 See
 
 § 400.0233(3)(a), Fla. Stat. (2010).
 

 Accordingly, the trial court did not depart from the essential requirements of the law in denying Keystone’s motion to dismiss.
 

 PETITION DENIED.
 

 SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . Although certiorari generally does not lie to review the denial of a motion to dismiss,
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1099 (Fla.1987), there is a well-established exception for motions to dismiss for failure to comply with presuit conditions precedent.
 
 See Martin Mem'l Med. Ctr., Inc. v. Berber,
 
 984 So.2d 661, 662 (Fla. 4th DCA 2008);
 
 Scherer v. Rigsby,
 
 24 So.3d 561 (Fla. 4th DCA),
 
 rev. denied,
 
 23 So.3d 712 (Fla. 2009). The rationale underlying this exception is that statutes requiring presuit screening "cannot be meaningfully enforced post-judgment because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance."
 
 Parkway Bank v. Fort
 
 
 *1109
 

 Myers Armature Works, Inc.,
 
 658 So.2d 646, 649 (Fla. 2d DCA 1995).
 
 Accord Fassy v. Crowley,
 
 884 So.2d 359, 363 (Fla. 2d DCA 2004). Additionally, interlocutory review promotes the purpose of presuit conditions, to encourage settlement.
 
 Cent. Florida Reg'l Hosp. v. Hill,
 
 721 So.2d 404, 405 (Fla. 5th DCA 1998).