PER CURIAM.
Respondent filed a complaint attempting to allege simple negligence against Petitioners, who are a doctor, Adwait Jathal, and a physician group practice, Omni Healthcare, Inc. It is clear that what is alleged is a claim for medical malpractice. Petitioners filed a Motion to Dismiss in the trial court based on Respondent’s failure to comply with the presuit requirements of section 766.106, Florida Statutes. The trial court denied the Motion, and Petitioners each filed a Petition for Writ of Certiorari with this court seeking review of that order.[1]
We conclude that because Respondent failed to comply with the statutory presuit requirements, the trial court departed from the essential requirements of law in refusing to dismiss Respondent’s complaint. We grant the Petitions, quash the order of denial, and remand for entry of an order granting Petitioners’ Motion to Dismiss. See Williams v. Oleen, 62 So.2d 1129, 1133-34 (Fla.2011) (“Florida courts have created an exception to the general rule— that certiorari review is inappropriate to review the denial of a motion to dismiss— and permit certiorari review when the pre-suit requirements of a medical malpractice statute are at issue. See, e.g., Martin Mem’l Med. Ctr., Inc. v. Herber, 984 So.2d 661, 662 (Fla. 4th DCA 2008); Lakeland Reg’l Med. Ctr. v. Allen, 944 So.2d 541, 543 (Fla. 2d DCA 2006). The certiorari exception for the chapter 766 presuit requirements is premised on the purpose of the Medical Malpractice Reform Act — to avoid meritless claims and to encourage settlement for meritorious claims.”).[2]
PETITIONS GRANTED; ORDER QUASHED; REMANDED.
ORFINGER, CJ., SAWAYA, and BERGER, JJ., concur.

. Although these cases were not consolidated on appeal, we review them together because they arise from the same facts and present the identical issue.

. See also Kissimmee Health Care Assocs. v. Garcia, 76 So.3d 1107, 1108 n. 1 (Fla. 5th DCA 2011) (“Although certiorari generally does not lie to review the denial of a motion to dismiss, there .is a well-established exception for motions to dismiss for failure to comply with presuit conditions precedent.” (citation omitted)); Cent. Fla. Reg’l Hosp. v. Hill, 721 So.2d 404 (Fla. 5th DCA 1998).