IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

OSCEOLA REGIONAL HOSPITAL,
D/B/A OSCEOLA REGIONAL
MEDICAL CENTER,

     Petitioner,

 v.                                                                          Case No.  5D17-4097

ASHLEY CALZADA AND JUAN L.
CALZADA, INDIVIDUALLY AND
O/B/O J.L.C.O., A CHILD, ERIC
FRENDAK, CRNA, OSCEOLA
OB/GYN, MICHAEL R. DENARDIS,
D.O., OB HOSPITALIST GROUP, LLC,
EZER A. OJEDA, M.D., ET AL.,

     Respondents.

_____/

Opinion filed July 6, 2018

Petition for Certiorari Review of Order
from the Circuit Court for Osceola County,
Margaret H. Schreiber, Judge.

Jason M. Azzarone, David S. Nelson, and
Louis J. La Cava, of La Cava & Jacobson,
P.A., Tampa, for Petitioner.

Heather M. Kolinsky, of Law Office of
Chad A. Barr, P.A., Altamonte Springs, for
Respondents Ashley Calzada and Juan
Calzada, individually and on behalf of
J.L.C.O., a Child.

No Appearance for other Respondents.

PER CURIAM.

Osceola Regional Hospital, d/b/a Osceola Regional Medical Center ("Osceola Hospital"), a defendant in a medical malpractice action brought by Ashley and Juan Calzada, seeks certiorari review of an order denying its motion to dismiss complaint. In its motion, Osceola Hospital alleged, *inter alia*, that the Calzadas had failed to comply with certain presuit investigation requirements applicable to medical malpractice cases under chapter 766, Florida Statutes (2013), with regard to their claims that Osceola Hospital was liable for the actions of three identified nurses. Because the trial court denied the motion without making necessary findings, we grant the petition.

Osceola Hospital's motion required the trial court to determine whether the Calzadas complied with chapter 766. However, after conducting a non-evidentiary hearing, the trial court simply denied the motion without explanation. By doing so, the trial court "effected a denial of the procedural safeguards of chapter 766 for which certiorari relief is appropriate." *PP Transition, LP v. Munson*, 232 So. 3d 515, 516 (Fla. 2d DCA 2017) (granting certiorari relief where trial court denied hospital's motion to dismiss without making express findings on plaintiffs' compliance with presuit investigation requirements applicable to medical malpractice cases); *see also Martin Mem'l Med. Ctr., Inc. v. Herber*, 984 So. 2d 661, 663 (Fla. 4th DCA 2008) (holding that trial court departed from essential requirements of law by failing to determine whether patient conducted reasonable investigation and whether her claim rested on reasonable

2

basis).    On remand, the trial court shall make express findings as to whether the Calzadas complied with chapter 766's presuit requirements.[1]

PETITION GRANTED.

SAWAYA, TORPY AND EVANDER, JJ., concur.

---

[1] Our decision does not preclude the trial court from addressing the Calzadas' claim that they were excused from providing a corroborating affidavit because of Osceola Hospital's alleged failure to timely provide requested medical records pursuant to section 766.204, Florida Statutes (2013).