DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRYAN G. RUDNICK,**
Petitioner,

v.

**ALLYSON E. HARMAN,**
Respondent.

No. 4D20-1004

[July 22, 2020]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha S. Francis, Judge; L.T. Case No. 502009DR008401XXXXSB (FC).

Peter M. Feaman, Gordon A. Dieterle, Jeffrey T. Royer, and Nancy E. Guffey of Peter M. Feaman, P.A., Boynton Beach, for petitioner.

Jonathan S. Root and Christopher A. Tiso of Jonathan S. Root, P.A., Boca Raton, for respondent.

WARNER, J.

The former husband in divorce modification proceedings seeks certiorari review of two orders: one denying his motion to dismiss the former wife's petition for modification, and one granting the former wife's motion to waive mediation. He contends that the court departed from the essential requirements of the law by waiving compliance with mediation, which was a condition precedent in the parties' marital settlement agreement, without an evidentiary hearing. We agree and grant the petition as to the order waiving the mediation requirement.

The parties are divorced with a minor child and share parental responsibility. Since the final judgment of dissolution was entered in 2009, the parties have engaged in litigation over the marital settlement agreement. The agreement was most recently modified in 2015. The operative settlement agreement provides: "In the event of any child support modification litigation (or any other type of modification litigation), the parties shall mediate said issues within 90 days of a request by either party prior to filing the supplemental petition."

After entry of the settlement agreement, the parties continued to have various disputes with respect to the child. Multiple motions were filed. It appears mediation was ordered as to specific issues presented in those motions. In October 2019, the former wife filed a petition for modification, but, as admitted in her response in this court, she did not seek to mediate the disputes prior to filing the petition as required by the settlement agreement. While the former husband was represented by counsel in other pending motions, he filed a pro se motion to dismiss the petition for failure to comply with the mediation provision.

At the same time, the parties bickered regarding setting mediation on the court ordered issues. There is some dispute as to whether this would include the petition for modification. However, after the former husband filed his motion to dismiss, he refused to mediate on the modification issues, demanding compliance with the provision in the marital settlement agreement.

Frustrated by the inability to agree on a mediation date or the scope of mediation, the former wife filed a motion to compel mediation and set it for hearing on March 11, 2020, on the uniform motion calendar. Two days prior to the hearing, the former husband filed a motion to strike the notice of hearing. Later the same day, the former wife filed her motion to waive mediation and noticed it for March 11, 2020, on the uniform motion calendar.

At the hearing, which was not attended by the former husband, the former wife's attorney submitted his view of the various difficulties with setting mediation. He informed the court about the mediation provision in the marital settlement agreement but maintained "[T]his is the game that's occurring. So we couldn't get them to agree to mediation, so I filed." The former wife's attorney then detailed his view that the former husband was playing a "cat and mouse" game with respect to scheduling mediation. Without the presentation of any evidence, the trial court granted the former wife's motion to waive the mediation requirement contained in the settlement agreement. At a subsequent hearing, the court also denied the former husband's motion to dismiss based upon the mediation provision in the settlement agreement. The former husband then filed this petition for writ of certiorari.

"[T]here are two indispensable ingredients to common law certiorari when sought to review pretrial orders of the circuit courts: (1) irreparable injury to the petitioner that cannot be corrected on final appeal (2) caused by a departure from the essential requirements of law." *Bared & Co., Inc.*

2

*v. McGuire*, 670 So. 2d 153, 156 (Fla. 4th DCA 1996). A petitioner may obtain certiorari review of the denial of a motion to dismiss for failure to comply with presuit conditions precedent. *See Kissimmee Health Care Assocs. v. Garcia*, 76 So. 3d 1107, 1108 n.1 (Fla. 2d DCA 2011). Just as with statutes compelling presuit requirements, this requirement in the marital settlement agreement to mediate prior to suit "cannot be meaningfully enforced postjudgment because the purpose of the presuit screening [or mediation] is to avoid the filing of the lawsuit in the first instance." *See Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 649 (Fla. 2d DCA 1995). We conclude that the former husband's petition has shown irreparable harm.

The trial court departed from the essential requirements of law in granting the motion to waive the presuit mediation requirement without holding an evidentiary hearing on the issue. *See, e.g.*, *Epstein v. Precision Response Corp.*, 883 So. 2d 377 (Fla. 4th DCA 2004). The question of waiver depends upon the existence of competent, substantial evidence to support the finding. *See, e.g.*, *Doctors Assocs., Inc. v. Thomas*, 898 So. 2d 159 (Fla. 4th DCA 2005). While the former wife contends that a hearing is not necessary where the underlying facts are undisputed, on this record the facts are disputed as to whether the former husband waived the right to mediate before litigation commenced. In a proceeding where evidence on this issue may be presented, the court may conclude that the former husband acted inconsistently with his right to demand presuit mediation; on the other hand, the court may view his actions as an attempt to assert his rights under the marital settlement agreement.

As to the order denying the motion to dismiss, we cannot conclude that, on its own, it can be addressed through this petition. As a general proposition, a party must allege (and prove) the satisfaction of all conditions precedent to suit. *See* Fla. R. Civ. P. 1.20(c). While certiorari would not be available to review the denial of a motion to dismiss on those grounds, the former husband would be entitled to raise the failure to comply with such condition precedent as an affirmative defense to former wife's petition for modification. The satisfaction of conditions precedent would then have to be proved at trial. In the context of these proceedings, it appears that the order denying the motion to dismiss the petition for failure to comply with presuit mediation simply flowed from the order waiving the provision. Therefore, that issue may be reconsidered by the court in further proceedings, depending upon the resolution of the motion to waive mediation.

For these reasons, we grant the petition and quash the order granting the motion to waive compliance with the mediation provision of the marital

settlement agreement.  The court must conduct an evidentiary hearing on the issue.

MAY and GERBER, JJ., concur.

*　　　*　　　*

**_Not final until disposition of timely filed motion for rehearing._**