# Third District Court of Appeal
## State of Florida

Opinion filed March 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1644
Lower Tribunal No. 19-29346
_____

**Dial 4 Care, Inc.,**
Petitioner,

vs.

**Elijah Brinson, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Cole Scott & Kissane, P.A., and Therese A. Savona (Orlando), for petitioner.

The Powell Law Firm, P.A., and Brett C. Powell, for respondent Elijah Brinson.

Before FERNANDEZ, LOGUE and GORDO, JJ.

GORDO, J.

Dial 4 Care, Inc. seeks certiorari review of the trial court's order denying its motion to dismiss for failure to comply with the statutory presuit screening requirements in medical malpractice actions under chapter 766, Florida Statutes. It argues the trial court departed from the essential requirements of law by denying its motion to dismiss prior to determining that Elijah Brinson performed a reasonable presuit investigation and provided the requisite corroborating medical expert affidavit. Because the trial court departed from the essential requirements of law by failing to make the requisite findings, we grant the petition.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Dial 4 Care provided home health care services to Brinson in 2016. On May 9, 2019, Brinson sent Dial 4 Care a records request, requesting a copy of his complete medical file, pursuant to section 766.204, Florida Statutes. The next day, on May 10, 2019, Brinson served a notice of intent to initiate litigation on Dial 4 Care, pursuant to section 766.106, Florida Statutes. The notice contained a request for "informal discovery," requesting information and numerous documents, including medical records. The notice of intent letter did not, however, include medical corroboration or evidence that a good faith investigation had occurred. Instead, the notice stated that an "expert affidavit [would] be forwarded under separate

2

cover."  No such affidavit has been filed with the trial court or provided to Dial 4 Care.  On May 29, 2019, Brinson sent an additional request for medical records to Dial 4 Care.[1]

In October of 2019, Brinson filed the underlying medical malpractice suit against numerous parties, including Dial 4 Care.  Brinson alleged that Dial 4 Care had been negligent because it failed to provide medical care and treatment in accordance with professional standards.

The operative complaint contained several statements of compliance,[2] including one alleging that Brinson had complied with section 766.203, Florida Statutes.  More particularly, it stated that Brinson had "made a reasonable investigation as permitted by the circumstances" and "determine[d] that there are grounds for a good faith belief that there ha[d] been negligence in [his] care and treatment."  Dial 4 Care filed a motion to dismiss Brinson's amended complaint, alleging he failed to comply with

---

[1] Despite the fact that this request was sent after the notice of intent to initiate litigation, the request stated that it was being made pursuant to section 766.204, Florida Statutes.

[2] The complaint alleged that Brinson had provided notices of intent to initiate litigation pursuant to section 766.106(2), Florida Statutes; that the notices of intent had been served within two years of the date Brinson had knowledge there was a reasonable probability his injuries were caused by medical malpractice; and that the suit had been filed within the statute of limitations.

Chapter 766 by not conducting the statutorily mandated presuit investigation and by failing to provide a corroborating affidavit from a medical expert.

The trial court held a hearing and entered an unelaborated order denying the motion. The order did not contain findings as to whether Brinson had conducted the statutorily mandated presuit investigation or filed the requisite expert affidavit within the statute of limitations.

**AVAILABILITY OF RELIEF BY CERTIORARI**

In order to obtain relief by certiorari, the petitioner must "demonstrate a departure from the essential requirements of the law which results in a material injury for which there is no adequate remedy on appeal." State v. Hernandez, 278 So. 3d 845, 848 (Fla. 3d DCA 2019) (quoting State v. Styles, 962 So. 2d 1031, 1032 (Fla. 3d DCA 2007)). "The requirements of material harm and the lack of a remedy on appeal are jurisdictional." Id. (quoting State v. Welch, 94 So. 3d 631, 634 (Fla. 2d DCA 2012)). "Although certiorari generally does not lie to review the denial of a motion to dismiss, there is a well-established exception for motions to dismiss for failure to comply with presuit conditions precedent." Kissimmee Health Care Associates v. Garcia, 76 So. 3d 1107, 1108 (Fla. 5th DCA 2011) (internal citations omitted). "In cases such as the one before us, '[a] nonfinal order that erroneously allows a plaintiff to proceed with an action without complying with the presuit

4

requirements of chapter 766 would result in material injury to the defendants that could not be corrected on appeal.'" S. Miami Hosp., Inc. v. Perez, 38 So. 3d 809, 811 (Fla. 3d DCA 2010) (quoting Corbo v. Garcia, 949 So.2d 366, 368 (Fla. 2d DCA 2007)).

**LEGAL ANALYSIS**

The Legislature has set forth procedures with which each claimant must comply prior to filing medical malpractice suits. See, e.g., §§ 766.104, 766.106, 766.201–.212, Fla. Stat. Among these requirements is that the claimant must perform a reasonable investigation "to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Id. at § 766.104(1). Good faith exists where an expert has provided a written opinion to claimant or his counsel "that there appears to be evidence of medical negligence." Id. The investigation requires that counsel review the case "against each and every potential defendant and has consulted with a medical expert and has obtained a written opinion from said expert." Id. at § 766.202(5).

Dial 4 Care's motion to dismiss required the trial court to determine whether Brinson had complied with the presuit requirements in chapter 766. Specifically, based on the allegations in the motion, the trial court was required to make findings regarding whether Brinson conducted a

5

reasonable investigation prior to filing suit. See, e.g., PP Transition, LP v. Munson, 232 So. 3d 515, 516 (Fla. 2d DCA 2017) ("At a minimum, [the motion to dismiss] required the trial court to make an express finding as to the [claimant's] compliance with the presuit requirements." (citing Martin Mem'l Med. Ctr., Inc. v. Herber, 984 So. 2d 661, 663 (Fla. 4th DCA 2008))). The trial court summarily denied the motion to dismiss, "without making any findings as to [Brinson's] compliance with chapter 766." Id. "This effected a denial of the procedural safeguards of chapter 766 for which certiorari relief is appropriate." Id. (citations omitted).

Dial 4 Care also argues the trial court departed from the essential elements of law by denying the motion to dismiss where it is undisputed that Brinson has failed to provide a corroborating expert affidavit regarding Dial 4 Care's alleged medical negligence. The failure to provide a corroborating affidavit contemporaneously with the notice of intent to initiate litigation letter, however, need not necessarily result in dismissal of the entire action. If the plaintiff provides the affidavit before the expiration of the statute of limitations, the deficiency with the notice letter is cured. See, e.g., Kukral v. Mekras, 679 So. 2d 278, 280 (Fla. 1996) ("Plaintiff provided a written corroborating medical expert opinion within the period of the statute of limitations, and then verified that opinion within the limitations period; he

6

complied with the presuit notice requirements and should not be subject to the ultimate sanction—dismissal of his claim." (citations omitted)). Brinson concedes in his answer brief that the affidavit has not yet been provided to Dial 4 Care.[3]

Brinson argues that by failing to provide documents following requests on May 9, 10, and 29, Dial 4 Care waived that requirement for a written corroborating expert affidavit. See § 766.204(2), Fla. Stat. He cites to numerous cases for the proposition that failure to turn over documents within 10 days of the 766.204 request waives the claimant's requirement to provide a corroborating affidavit. Those cases involve medical providers that were afforded at least ten days to respond, failed to respond (sometimes in well over ten days), and were then sent notices of intent to initiate litigation. There is a difference between records requested under section 766.204 for the plaintiff to conduct a presuit investigation and records requested in the notice of intent letter pursuant to the informal discovery provision of section 766.106. See Brundage v. Evans, 295 So. 3d 300, 303–05 (Fla. 2d DCA 2020). The penalty for failing to turn over records under each statutory provision is also different. Id. at 305 ("[T]he provision that allows for waiver

---

[3] We note that it is unclear on the record before us whether the statute of limitations has lapsed and whether Brinson is still able to timely provide Dial 4 Care with the affidavit.

of a claimant's obligation to include an expert opinion appears in section 766.204(2), not section 766.106, and applies to a failure to provide <u>medical records</u> for the presuit investigation that <u>precedes</u> the filing of the notice of intent. Section 766.106(6) . . . does not provide for a waiver of the expert opinion requirement.").

Section 766.204, Florida Statutes, is titled "Availability of medical records **for presuit investigation** of medical negligence claims and defenses; penalty." <u>Id.</u> (emphasis added). The purpose of requests for records under this section is to assist the claimant in its presuit investigation of the alleged medical negligence—an investigation that is statutorily mandated to take place before the notice of intent to initiate litigation is sent. <u>See</u> § 766.203(2), Fla. Stat. Indeed, the section providing for presuit notice letters states that such notice is to be sent to putative defendants "[a]fter completion of presuit investigation." <u>Id.</u> at § 766.106(2)(a). At the time a notice of intent letter is sent to the putative defendants, section 766.203 requires that claimants have a good faith belief that each putative defendants' alleged negligence contributed to the injuries at issue.

The penalty for a putative defendant's failure to provide requested medical records varies depending on the statue under which said records are requested and the timing of the requests. <u>See generally</u> <u>Brundage</u>, 295

So. 3d 300.  Here, the trial court did not make any findings regarding the records requests sent to Dial 4 Care.  Based on the arguments raised by Dial 4 Care below, the trial court departed from the essential requirements of law in summarily denying the motion to dismiss.  By failing to make the requisite findings as to Brinson's compliance with the presuit requirements, the trial court "effected a denial of the procedural safeguards of chapter 766 for which certiorari is appropriate."  PP Transition, LP, 232 So. 3d at 516.

We therefore grant Dial 4 Care's petition and quash the order below. See Martin Mem'l Med. Ctr., Inc., 984 So. 2d at 664.

Petition granted; order quashed.