# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0046
Lower Tribunal No. 17-3493
_____

**University of Miami, etc.,**
Petitioner,

vs.

**Shanay Hall Jones, etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Fowler White Burnett, P.A., and Christopher E. Knight and Marc J. Schleier, for petitioner.

Louis Thaler, P.A., and Louis Thaler, for respondent.

Before SCALES, HENDON and MILLER, JJ.

SCALES, J.

Petitioner, defendant below, University of Miami d/b/a University of Miami Hospital a/k/a UHealth, seeks certiorari review of the trial court's December 8, 2021 order denying its motion to dismiss for failure to comply with chapter 766's presuit requirements in medical malpractice actions. We have jurisdiction. See Dial 4 Care, Inc. v. Brinson, 319 So. 3d 111, 113 (Fla. 3d DCA 2021). Because the trial court departed from the essential requirements of law by failing to make the requisite findings, see id., we grant the petition and quash the challenged order.

"Florida's medical malpractice statutory scheme, codified in chapter 766, Florida Statutes, contains an elaborate presuit process for prospective medical malpractice plaintiffs . . . [that] was created to 'facilitate the expedient, and preferably amicable, resolution of medical malpractice claims.'" Morris v. Muniz, 252 So. 3d 1143, 1151 (Fla. 2018) (quoting Williams v. Oken, 62 So. 3d 1129, 1133 n.1 (Fla. 2011) (citation omitted)). Chapter 766 contains several prerequisites for the filing of a medical malpractice action, including that the claimant must conduct a reasonable, good faith investigation[1] and then provide the prospective defendant with a

---

[1] See § 766.104(1), Fla. Stat. (2017); § 766.203(1)-(2), Fla. Stat. (2017).

notice of intent to sue that is accompanied by a corroborating medical expert affidavit.[2]

"After the completion of presuit investigation by the parties . . . and any discovery . . . , any party may file a motion in the circuit court requesting the court *to determine* whether the opposing party's claim or denial rests on a reasonable basis." § 766.206(1), Fla. Stat. (2017) (emphasis added). Thus, when the defendant files a section 766.206 motion, the trial court is required to "make an express finding as to [the claimant's] compliance with the presuit requirements." PP Transition, LP v. Munson, 232 So. 3d 515, 516 (Fla. 2d DCA 2017). The trial court's failure to do so – i.e., by entering an order summarily denying the defendant's motion – "results in irreparable harm" that cannot be remedied on appeal. Martin Mem'l Med. Ctr. v. Herber, 984 So. 2d 661, 662 (Fla. 4th DCA 2008); S. Miami Hosp., Inc. v. Perez, 38 So. 3d 809, 811 (Fla. 3d DCA 2010). Further, the trial court's failure to make any findings with respect to the claimant's compliance with chapter 766's presuit requirements constitutes a departure from the essential requirements of law. See Dial 4 Care, Inc., 319 So. 3d at 114; PP Transition, LP, 232 So. 3d at 516; Herber, 984 So. 2d at 662.

---

[2] See § 766.106(2)(a), Fla. Stat. (2017); § 766.203(2), Fla. Stat. (2017).

Here, petitioner filed a motion to dismiss below challenging respondent's[3] compliance with several of chapter 766's presuit requirements. Specifically, petitioner's motion argued that (i) respondent had not conducted a reasonable, good faith investigation, (ii) respondent's notice of intent to sue was facially defective,[4] and (iii) respondent failed to provide a corroborating medical expert affidavit. Respondent's response below focused solely on petitioner's purported failure to timely provide copies of medical records and the consequent waiver of section 766.203(2)'s requirement that the notice of intent to sue be accompanied by a corroborating medical expert affidavit. See § 766.204(2), Fla. Stat. (2017).[5]

---

[3] Shanay Hall Jones, as personal representative of the estate of Ahmed Jamal Jones.

[4] Duffy v. Brooker, 614 So. 2d 539, 545 (Fla. 1st DCA 1993), disapproved on other grounds as recognized in Archer v. Maddux, 645 So. 2d 544, 547 (Fla. 1st DCA 1994) ("In order to comply with the spirit and intent of the statute, . . . the notice of intent to initiate litigation and the corroborating medical expert opinion, taken together, must sufficiently indicate the manner in which the defendant . . . allegedly deviated from the standard of care, and must provide adequate information for the defendant[] to evaluate the merits of the claim."); Watkins v. Rosenthal, 637 So. 2d 993, 994 (Fla. 3d DCA 1994) (same).

[5] While we do not address the merits of this waiver issue, we note that the "failure to provide full and complete medical records under section 766.204, Florida Statutes . . . [does] not constitute a waiver of the required notice" of the intent to sue required by section 766.106(2)(a). Otto v. Rodriguez, 710

4

After conducting a non-evidentiary hearing, and despite petitioner's repeated requests for an evidentiary hearing,[6] the trial court entered the challenged order denying petitioner's motion without explication.

Petitioner's motion to dismiss "required the trial court 'to determine' whether [respondent] had complied with the presuit requirements in chapter 766." Dial 4 Care, 319 So. 3d at 114. "By failing to make the requisite findings as to [respondent's] compliance with the presuit requirements, the trial court 'effected a denial of the procedural safeguards of chapter 766 for which certiorari is appropriate.'" Id. at 115 (quoting PP Transition, LP, 232 So. 3d at 516). We, therefore, grant the petition and quash the challenged order.

Petition granted; order quashed.

---

So. 2d 1, 2 (Fla. 4th DCA 1998). Moreover, we note that an informal discovery request contained within the notice of intent to sue does not implicate a section 766.204(2) waiver. See Brundage v. Evans, 295 So. 3d 300, 304-05 (Fla. 2d DCA 2020).

[6] Often, the inquiry into whether the claimant's claim "rests on a reasonable basis and whether his [or her] notice of intent is in compliance with the requirements of chapter 766" is "accomplished by conducting an evidentiary hearing." Holden v. Bober, 39 So. 3d 396, 402 (Fla. 2d DCA 2010).