IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SRINIVAS RAO DONTINENI, M.D.,

        Petitioner,

                                  Case No.  5D21-2956
v.                              LT Case No. 05-2019-CA-035380


PATRICIA SANDERSON, JOSEPH BOULAY,
M.D., ALL STAR RECRUITING LOCUMS, LLC,
ANGELO FERNANDES, M.D., ARVIND KUMAR,
M.D., BREVARD INTERNAL MEDICINE & WALK
IN CLINIC, PLLC, ET AL.,

        Respondents.

_____/

Opinion filed July 1, 2022

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
David Dugan, Judge.

Christian P. Trowbridge, Julie H. Brodis, and
Craig S. Foels, of Estes, Ingram, Foels & Gibbs,
P.A., Maitland, for Petitioner.

Brian J. Lee, of Morgan & Morgan, Jacksonville,
for Respondent, Patricia Sanderson.

No Appearance for Other Respondents.

PER CURIAM.

Srinivas Rao Dontineni, M.D., seeks certiorari review of the trial court's unelaborated denial of his motion to dismiss Patricia Sanderson's medical malpractice claim against him. In his motion, Dr. Dontineni asserted that Ms. Sanderson failed to comply with certain statutory presuit requirements applicable to medical malpractice actions under chapter 766, Florida Statutes, because she submitted a corroborating expert affidavit signed by a doctor with a different specialty. The trial court departed from the law's essential requirements by denying Dr. Dontineni's motion without making "express findings" as to whether Ms. Sanderson's complied with her statutory presuit requirements.[1] *See Osceola Reg'l Hosp. v. Calzada*, 246 So. 3d

---

[1] Ms. Sanderson argues that we need not address this matter because Dr. Dontineni waived his right to challenge her presuit compliance. Relying on *Ingersoll v. Hoffman*, 589 So. 2d 223 (Fla. 1991), she contends Dr. Dontineni had to raise this issue in his pleadings, and he waived it by simply filing a motion to dismiss. We do not and have not, however, read *Ingersoll*'s holding so narrowly. *Ingersoll* answered a certified question on whether a trial court lost subject matter jurisdiction over a medical malpractice case when the plaintiff failed to comply with his presuit notice requirements, or if such lack of notice may be excused by estoppel or waiver. 589 So. 2d at 223. The *Ingersoll* Court only held that "failure to comply with the prelitigation notice requirements of section 768.57 may be excused by estoppel or waiver." *Id.* at 224.

We have determined that defendants may avoid the waiver *Ingersoll* contemplates by timely and specifically raising the issue in a motion. *See Fla. Hosp. Waterman v. Stoll*, 855 So. 2d 271, 277 (Fla. 5th DCA 2003) ("[W]e conclude that the Hospital . . . waived compliance in this case by failing to timely raise the issue in its motion to dismiss and/or strike."); *Royle v. Fla. Hosp.-E. Orlando*, 679 So. 2d 1209, 1210 (Fla. 5th DCA 1996)

1300, 1301 (Fla. 5th DCA 2018). Accordingly, we grant the petition, strike the order on appeal, and remand for further proceedings.

Ms. Sanderson visited Holmes Regional Medical Center, complaining of abdominal pain. Dr. Dontineni, who is board certified in internal medicine, was the attending physician who oversaw her treatment and care in the hospital. Ms. Sanderson alleges that Dr. Dontineni ordered a gastroenterology consult when she was under his care, but then discharged her without clearance from the gastroenterology team. Ms. Sanderson suffered further abdominal issues after discharge that ultimately led to surgery and further hospitalization.

Ms. Sanderson initiated her medical malpractice claim against Dr. Dontineni by mailing him notice of her intent to sue. *See* § 766.106(2)(a), Fla. Stat. (2018). This notice included affidavits from two doctors, including Neil Julie, M.D., supporting her allegations. *See id.* § 766.104(1). Dr. Julie is board certified in internal medicine and gastroenterology. He is a gastroenterologist who treats his patients in an outpatient setting.

---

(affirming trial court's granting of defendant's motion to dismiss for failure to comply with statutory presuit requirements). Here, Dr. Dontineni filed his motion within two weeks of when he first learned Dr. Julie was not a hospitalist. The motion contained specific arguments, reiterated in his petition, why Ms. Sanderson failed to comply with her presuit requirements. *Cf. Stoll*, 855 So. 2d at 277. *Ingersoll* does not compel a finding of waiver in this situation.

3

Dr. Dontineni denied he had been negligent, and Ms. Sanderson then filed suit against him. Thereafter, he deposed Dr. Julie, where he learned for the first time that although Dr. Julie was board certified in internal medicine, he was not a "hospitalist." Dr. Dontineni, who examines all his patients in a hospital and not in an outpatient setting, is a hospitalist. *See Scott v. Sarasota Drs. Hosp., Inc.*, 145 F. Supp. 3d 1114, 1117 (M.D. Fla. 2015) (describing hospitalist as medical doctor who "operates as a hospital based 'primary care physician,' admitting patients and managing their treatment during hospital stays"). Contending that a hospitalist is a different "specialty" than an internist, Dr. Dontineni promptly filed a motion to determine the reasonableness of Ms. Sanderson's presuit investigation, seeking dismissal of her claim against him. The trial court held a non-evidentiary hearing, and denied Dr. Dontineni's motion in an unelaborated order.

Before we may grant certiorari relief from the denial of a motion to dismiss, Dr. Dontineni must establish: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on postjudgment appeal." *Williams v. Oken*, 62 So. 3d 1129, 1132–33 (Fla. 2011) (quoting *Bd. of Regents v. Snyder,* 826 So. 2d 382, 387 (Fla. 2d DCA 2002)). We consider the last two elements first, because they are jurisdictional. *See id.* Here, we have

4

jurisdiction because the presuit requirements of a medical malpractice statute are at issue. *See id.*; *Omni Healthcare v. Moser*, 106 So. 3d 474, 475 (Fla. 5th DCA 2012).

This case involves the investigation a prospective medical malpractice plaintiff must complete before filing suit. As part of this investigation, a prospective plaintiff must submit a "verified written expert opinion from a medical expert . . . which statement shall corroborate reasonable grounds to support the claim of medical negligence." *See* § 766.202, Fla. Stat. (2018). In this context, a medical expert witness must, among other requirements, "[s]pecialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered" if that health care provider is a specialist. *Id.* § 766.102(5)(a)1. Alternatively, if the health care provider has provided "evaluation, treatment or diagnosis for a condition that is not within his or her specialty," the medical expert witness who is trained in that specialty "shall be considered a similar health care provider." *Id.* § 766.102(8). The trial court must determine whether the prospective plaintiff complied with the reasonable investigation requirements. *See id.* § 766.206(2). If the trial court finds that the prospective plaintiff's investigation did not meet statutory requirements, it must dismiss the case. *Id.*

5

We grant Dr. Dontineni's petition because the trial court denied his motion without making express findings as to whether Ms. Sanderson conducted a reasonable presuit investigation by providing a corroborating expert affidavit that complied with the statutory presuit requirements. *See Osceola Reg'l Hosp.*, 246 So. 3d at 1301. We have held that this failure "effect[s] a denial of the procedural safeguards of chapter 766 for which certiorari relief is appropriate." *Id.* (quoting *PP Transition, LP v. Munson*, 232 So. 3d 515, 516 (Fla. 2d DCA 2017)). We do not reach the issue of whether a hospitalist is a "specialty" under section 766.102(5)(a)1.

For these reasons, we grant Dr. Dontineni's petition for writ of certiorari, quash the order on review, and remand for further proceedings.

PETITION GRANTED, ORDER QUASHED, and REMANDED for further proceedings.

EISNAUGLE, HARRIS and TRAVER, JJ., concur.